178

UNITED STATES of America,
Plaintiff,

v.

LOEW'S, INCORPORATED, Defendant.

UNITED STATES of America,
Plaintiff,

v.

C & C SUPER CORP., Defendant.

UNITED STATES of America,
Plaintiff,

v.

SCREEN GEMS, INC., Defendant.

UNITED STATES of America,
Plaintiff,

v.

ASSOCIATED ARTISTS PRODUC-
TIONS, INC., Defendant.

UNITED STATES of America,
Plaintiff,

v.

NATIONAL TELEFILM ASSOCIATES,
INC., Defendant.

UNITED STATES of America,
Plaintiff,

v.

UNITED ARTISTS CORPORATION,
Defendant.

United States District Court
S. D. New York.

Feb. 13, 1959.

See also, D.C., 136 F.Supp. 13.

------◆------

Arthur H. Christy, U. S. Atty., Southern Dist. of New York, New York City, Leonard R. Posner, Raymond M. Carlson, J. E. Waters, Attys., Dept. of Justice, Anti-Trust Division, Washington, D. C., of counsel, for United States.

Mervin C. Pollak, New York City, for C & C Super Corp.

Schwartz & Frohlich, New York City, for Screen Gems, Inc., Arthur H. Schwartz, New York City, of counsel.

Simpson, Thacher & Bartlett, New York City, for Associated Artists Productions, Inc., Cyrus R. Vance, New York City, of counsel.

Goldstein, Golenbock & Barell, New York City, for National Telefilm Associates, Inc., Justin M. Golenbock, New York City, of counsel.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for United Artists Corp., Simon Rose, Albert F. Smith, Gerald F. Phillips, New York City, (Atty., United Artists Corp.), of counsel.

DAWSON, District Judge.

This matter involves the objections made by the plaintiff, the United States Government, to interrogatories served by the defendants. The objections are made under the provisions of Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Each of the actions is an anti-trust action brought by the Government under the Sherman Act. The actions have been consolidated to a limited extent, part of which is that all applications for discovery, interrogatories and depositions and motions relating to them shall be made before or referred to the judge to whom the cases have been assigned for all purposes.

This proceeding relates to interrogatories served by the defendants upon the Government. The Government has objected to certain interrogatories of certain of the defendants, which defendants are C & C Super Corp., Screen Gems, Inc., Associated Artists Productions, Inc., National Telefilm Associates, Inc. and United Artists Corporation. The interrogatories are numerous and searching and since the objections of the Government relate to certain categories of interrogatories this opinion will deal with the interrogatories in those categories.

■ The interrogatories ask the Government to list each contract of certain defendants which the Government claims is a "block booking contract" and to describe such contracts sufficiently for identification, stating its date, the parties thereto, the persons who negotiated and who executed the contract and the name and address of the person in whose custody and control that contract may be found. The objections to such interrogatories are overruled.

■■ The interrogatories then go on to demand that a copy of each written contract described in the interrogatory be furnished. Insofar as the interrogatories seek to require the production of written contracts or documents the objection to the interrogatory is sustained. The production of documents may be secured under Rule 34 of the Rules of Civil Procedure upon good cause being shown therefor. The production of documents may not be required by interrogatories under Rule 33. Castro v. A. H. Bull & Co., D.C.S.D.N.Y.1949, 9 F.R.D. 84.

■ A number of other interrogatories ask the Government to describe any contract for block booking which is oral, giving certain facts with reference there-

to, which facts may properly be inquired into by interrogatories  But they then continue with a demand that the Government furnish the names and addresses of each person known to plaintiff to have knowledge of any facts or documents tending to prove the existence or circumstances of such oral contracts and specifically requesting, with respect to each such person, certain information, included among which interrogatories are questions as to (A) whether such person was an employee of a television station at the time of the incident and if so the identification by name and the address of such television station, (B) whether such person is an employee of the United States and if so in what capacity, and (C) and (D) whether such person gave any written or oral statements to any officer or agent of the United States in connection with any investigation leading or related to this litigation.  To the extent that the interrogatories seek that information they go beyond the reasonable limits of the Rules.  The Government can certainly be required to state any oral contracts upon which they intend to rely, and the names of any persons entering into such contracts, and the substance of the terms of the oral contracts.  To ask the Government to state the names and addresses of every person known to "have knowledge" of any fact tending to prove the existence or circumstances of such oral contract would impose an impossible burden upon the Government.  It would require, for example, that the names of every person who worked upon the case in the anti-trust division, including the lawyers, stenographers, investigators, etc., would have to be furnished, because they all might have received some information about the evidence.  It would call for the revealing of what in fact is the work product of the lawyers.  See Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.

If the defendants seek to get information as to the witnesses whom the Government intends to call to prove the existence of oral contracts or the circumstances of the oral contracts, such information can be obtained by properly drawn interrogatories.  See, Kingsway Press v. Farrell Pub. Co., D.C.S.D.N.Y.1939, 30 F. Supp. 775.  However, in a case of this nature it is obvious that the Government must employ attorneys and investigators to ascertain facts, most of whom they will not call as witnesses at the trial because their information will to a substantial extent be hearsay.  To require by a "shotgun" interrogatory that the Government provide the names and addresses of all investigators and informants is improper.

Properly drawn interrogatories may secure all the information that defendants need, which will disclose the basis of the Government's charge, the type of evidence that it will rely upon and any facts which may lead to the discovery of other evidence which might be helpful to the defendants.  However, a consideration of the interrogatories in the present case, which seek the type of information hereinabove described, must lead the Court to conclude that the interrogatories are served more for the purpose of harassing the Government and putting it to an impossible task than that they are designed to secure information.  Under the circumstances, so much of the interrogatories as seek the foregoing information are stricken.

Numerous of the interrogatories to which objections have been made are perfectly proper interrogatories.  However, certain of the interrogatories will have to be stricken as objectionable on the bases which are set forth hereinabove.  The type of objectionable interrogatory is sufficiently defined in this opinion so that the parties may know to which interrogatories reference is made.

Let the parties submit an order in accordance with the foregoing opinion within 10 days from the date of entry herein.  So ordered.