**UNITED STATES of America, Plaintiff,**

**v.**

**WEST VIRGINIA PULP AND PAPER COMPANY, Defendant.**

United States District Court
S. D. New York.
Dec. 16, 1964.

Philip L. Roache, Jr., Atty., Dept. of Justice, Antitrust Div., Washington, D. C., for plaintiff.

Debevoise, Plimpton, Lyons & Gates, New York City, for defendant; Samuel E. Gates, Joseph Barbash, Stephen F. Williams, New York City, of counsel.

SUGARMAN, District Judge.

[United States, as plaintiff, filed a complaint charging defendant, West Virginia Pulp and Paper Company, with violation of Section 7 of the Clayton Act by defendant's acquisition of a majority of the voting stock of United States Envelope Company. After issue was joined and the plaintiff had virtually completed its pretrial discovery, defendant propounded interrogatories to plaintiff. Plaintiff did not object to said interrogatories and served answers thereto. Defendant objected to numerous of plaintiff's answers as being inadequate and noticed said objections for hearing. In an opinion dealing with the sufficiency

of the plaintiff's answers to many interrogatories, the details of which are not published, the court *inter alia* stated:]

■■ "It is not the office of an answer to an interrogatory to merely restate virtually in *haec verba* the allegations of the complaint. 'Like the other discovery rules, Rule 33 is to be given a broad and liberal interpretation in the interest of according to the parties the fullest knowledge of the facts and of clarifying and narrowing the issues.' Moore's Manual, Fed.Prac. and Proc. 1143. That function is certainly not performed by a mere restatement of the general terms of the allegations of the complaint. The answer supplies no facts not disclosed by the complaint nor does it clarify or narrow the broad issues posed by \* \* \* the complaint. \* \* \*

■ "In opposition to the defendant's objections to the sufficiency of plaintiff's answers \* \* \* plaintiff argues *inter alia* that defendant seeks plaintiff's evidence.

"In this case the best guide would obviously be the more recent rulings on the propriety of interrogatories and the sufficiency of answers thereto in government antitrust civil suits. The dividing line in such cases between facts required to be disclosed in answering interrogatories and evidence of those facts is not clear-cut. It appears to be the degree of detail in disclosure of facts in answer to an interrogatory.

"Judge Cashin in United States v. Watchmakers of Switzerland Information Center, Inc., 2 F.R.Serv.2d 33.353, Case 3 (S.D.N.Y.1959), made short shrift of a similar contention by the plaintiff when he wrote:

"'Interrogatories to parties are covered in Rule 33 of the Federal Rules of Civil Procedure. The scope of the subject matter of the interrogatories is as broad as the subject matter of oral depositions taken under Rule 26. Thus, it is no ground for objection to an interrogatory, or for refusal to answer an interrogatory, that the answer constitutes evidentiary detail. The obtaining of evidence, or even information which may lead to evidence, from an adverse party is one of the functions of interrogatories. A further function is to obtain admissions and narrow the issues to be tried. Of course, if "annoyance, expense, embarrassment or oppression" would be caused to a party served with interrogatories, a protective order, under the provisions of Rule 33 itself, or under the provisions of Rule 30(b) as incorporated in Rule 33, could be obtained. \* \* \*'

"In United States v. Continental Can Company, 22 F.R.D. 241 (S.D.N.Y.1958), a case in which plaintiff objected to defendant's interrogatories, plaintiff's objections to certain of defendant's interrogatories which asked for the facts which plaintiff would rely upon to prove the alleged advantage and elimination of potential competition were sustained because, in overruling the plaintiff's objections to earlier interrogatories, I had required plaintiff to supply facts parallel to those hereinabove directed. It is obvious that this defendant in framing its interrogatories to plaintiff kept carefully within the boundaries held permissive in the Continental Can case.

"In United States v. Loew's, Incorporated, 23 F.R.D. 178 (S.D.N.Y.1959), Judge Dawson drew the line thus:

"'Properly drawn interrogatories may secure all the information that defendants need, which will disclose the basis of the Government's charge, the type of evidence that it will rely upon and any facts which may lead to the discovery of other evidence which might be helpful to the defendants.'

No greater measure of performance is required of the plaintiff by the instant direction.

■ "To an extent the 'discovery component' in our adversary system of litiga-

tion, cf. Uinta Oil Refining Co. v. Continental Oil Co., 226 F.Supp. 495, 503 (Utah 1964), must be permitted to invade the 'trial component' if it will accomplish narrowing and clarifying issues and discovering evidence and leads to evidence. Judge Dimock meant this when he wrote in United States v. Renault, Inc., 27 F.R.D. 23 (S.D.N.Y.1960):

"'When properly used, disclosure is a valuable aid in narrowing and clarifying issues as well as in discovering evidence and leads to evidence, but to permit a type of disclosure which elicits every minute detail of evidence would result in extreme hardship and confusion. This would be particularly true in antitrust actions, where the issues subject to proof are often broad and manifold.'

In the case at bar the extent of revelation directed is certainly not 'a type of disclosure which elicits every minute detail of evidence'.

"The extent to which the plaintiff is herein required to comply falls far short of that which confronted the court in United States v. Procter & Gamble Company, 25 F.R.D. 252 (N.J.1960), or in United States v. Grinnell Corporation, 30 F.R.D. 358, 362 (R.I.1962).

\* \* \* \* \* \*

"Throughout the argument plaintiff's counsel has asked for guidelines. Beyond the indications of the inadequacy of answers to specific interrogatories spelled out above, none can be given. As was earlier pointed out, plaintiff is mistaken in its notion of the extent of its responsibility to supply facts. A saving of much time, effort and expense will result from the abandonment by plaintiff's counsel of the prevailing practice of niggardly giving, in cases of this kind, merely the vaguest answers to interrogatories. It is no coincidence that most of the reported decisions of motions of the nature of this one have arisen because either the plaintiff objected to defendant's interrogatories or, having not objected (as here) and having answered them, the defendant was compelled to seek further answers. Rarely are the motions addressed to the defendant's answers to plaintiff's interrogatories.

██ "Since Nagler v. Admiral Corporation, 248 F.2d 319 (2d Cir. 1957) we know that 'the Federal Rules apply with equal force to suits under the antitrust laws', Trans World Airlines, Inc. v. Hughes, 332 F.2d 602, 611 (2d Cir. 1964), and that complaints in antitrust cases are no different from those in other civil litigation; they are to be merely 'notice pleading', in essence skeletal. It must be left to the discovery process to supply the flesh of fact which rounds out the claim in full.

"So long as the plaintiff in these antitrust suits adamantly resists full and proper disclosure will we have needless waste of time and effort.

"Of course, compliance by the plaintiff will be time consuming and burdensome as plaintiff argues, but as Judge Clark points out in Nagler (at page 326 [of 248 F.2d]), 'a considerable part of federal litigation is of a lengthy and burdensome nature'. The extent of the labor which proper compliance with the interrogatory process places on plaintiff's shoulders is no reason to shift the load to defendant's back or to deprive defendant of the information to which it is entitled under the rules. \* \* \* "