**STABILUS, A DIVISION OF FICHTEL & SACHS INDUSTRIES, INC.**

v.

**HAYNSWORTH, BALDWIN, JOHNSON AND GREAVES, P.A.**

Civ. A. No. 91–6184.

United States District Court, E.D. Pennsylvania.

Oct. 1, 1992.

Mary A. McLaughlin and Laura Aldir–Hernandez, Dechert Price and Rhoads, Philadelphia, Pa., for plaintiff.

Denise L. Carroll and Arthur W. Lefco, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

NAYTHONS, United States Magistrate Judge.

Presently before the Court is the Motion of Defendant, Haynsworth, Baldwin, Johnson and Greaves, P.A., to compel complete responses to interrogatories and request for production of documents, the response and memorandum of Plaintiff, Stabilus, in opposition to Defendant's motion, and Defendant's reply to Plaintiff's memorandum in opposition.

The action brought by plaintiff is a claim of legal malpractice, in which defendant is accused of giving defective legal advice to plaintiff in connection with certain union contract negotiations and subsequent labor disputes held in 1986.

The Defendant seeks to compel answers to their interrogatory nos. 17, 20, 21, 26–29, 30–33, and 36–42, and all non-privileged documents responsive to request nos. 2, 12, 14–17, 21, and 22. Defendant claims that plaintiff filed blanket objections to almost every discovery request on the grounds that the information sought was irrelevant, unduly burdensome, not likely to lead to discoverable evidence and protected by the attorney-client privilege and work-product doctrine. *See* Defendant's Motion to Compel Complete Responses to Interrogatories and Request for Production of Documents, ¶ 5. In defendant's memorandum, defendant states that plaintiff's objections are "so completely without basis that defendant should be awarded its costs for preparing, filing and arguing the contents of this Motion." *See* Defendant's Memorandum of Law in Support of Motion to Compel, p. 1.

Plaintiff responds that the motion should be denied for two reasons. First, the plaintiff argues that the defendant has received all discovery materials with respect to the subject matter of the complaint. Second, the plaintiff points out that many of the discovery requests that are the subject of this motion were narrowed by the defendant at a conference held pursuant to Local Rule 24(f),[1] and plaintiff has fully responded to the discovery requests as narrowed. *See* Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel, p. 1.

In defendant's reply to plaintiff's memorandum, defendant agrees that the parties were able to resolve a number of issues at the conference, but insists that the instant Motion is restricted to those interrogatories and requests for production which the parties could reach no agreement and in response to which plaintiff refused to provide any information. *See* Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion, p. 2.

## DISCUSSION

After careful consideration, this Court finds that defendant's Motion shall be granted in part and denied in part. The defendant's Motion is addressed as follows:

### INTERROGATORY NUMBERS 17, 30–33

Several of Plaintiff's objections to interrogatories claim that the interrogatories are premature. *See* Plaintiff's Response to Defendant's Interrogatories Nos. 17, 30–33, (a copy of which is attached to Defendant's Motion as "Exhibit D"). Further, plaintiff states in its Memorandum that it appears senseless, as well as, not required by the

---

1. Local R.Civ.P. of the USDC, EDPA 24(f).

Federal Rules for the plaintiff to supplement its response. *See* Plaintiff's Memorandum in Opposition, p. 9, 10. This is a very broad reading of the Federal Rules. Although under Fed.R.Civ.P. 26(e), a party has a limited duty to supplement responses to interrogatories,[2] the Eastern District of Pennsylvania has recognized that a duty exists on the part of the interrogated party to supply additional information received after the initial answers were supplied "in those circumstances where the very nature of the interrogatory should require continuing answers, or where the information obtainable at pretrial would not afford the party sufficient time and opportunity to prepare his case." *Novick v. Pennsylvania Railroad Co.,* 18 F.R.D. 296, 298 (W.D.Pa.1955); *see also Wolf v. Dickinson,* 16 F.R.D. 250, 252 (E.D.Pa.1952) (duty to supplement answers gives effect to full disclosure before trial of all relevant facts). In addition, under Fed.R.Civ.P. 26(e), section (3) specifically states that:

> A duty to supplement responses may be imposed by order of the court, agreement of the parties, or ... through new requests for supplementation of prior responses.

Defendant is, in effect, asking this Court to impose upon plaintiff a duty to supplement its responses. Requiring a party to supplement responses in order to make them current is an approved feature of our civil procedure, and if additional responsive information exists, this Court orders that it be produced. *See FTC v. Jim Walter Corp.,* 651 F.2d 251, 258 (C.A. 5th 1981).

Specifically, interrogatory no. 17 requests the amount of wages plaintiff contends defendant is obligated to pay as damages and the specifics as to the method of calculations.[3] Plaintiff has demanded damages in the amount sufficient to cover the back pay award plaintiff must pay the 1986 Strikers. This amount is to be determined by proceedings conducted by the NLRB which are still ongoing. Plaintiff claims that since a final determination has not been reached, an answer to this interrogatory is premature. In addition, it claims that all documents submitted to the NLRB have also been submitted to the defendant. *See* Plaintiff's Memorandum in Opposition, p. 8.

Defendant claims that it is in no better position to assess the amount or the method of calculation of plaintiff's alleged damages than it was at the initiation of this case in December, 1991. However, neither does it appear that the plaintiff is any better position to assess those damages as well. It is premature to require the plaintiff to ascertain the exact amount in back wages that the NLRB will require Stabilus to pay, since the amount is based on the NLRB's determination. Plaintiff states that it has supplied all documentation available to determine the amount to defendant. The plaintiff can do no better at this point; however, it must supplement its response as soon as a determination is made by the NLRB.

Interrogatory nos. 30–31 deal with "direct quotations" from the Opinion of the Administrative Law Judge ("ALJ") based on the testimony given by Stabilus at the trial on Unfair Labor Practice Charges. Defendant asked plaintiff if it ever told defendant that the statements made during

---

**2.** Under Fed.R.Civ.P. 26(e), a party is not under a continuing burden except as expressly provided. Exceptions are made in section (1), as to the identity of additional witnesses and expert witnesses, in section (2) to correct known untrue prior responses, and section (3) which creates a duty to supplement responses imposed by order of the court, agreement of the parties, or ... through new requests for supplementation of prior responses. *See e.g., Scott & Fetzer Co. v. Dile,* 643 F.2d 670 (C.A. 9th 1981) (plaintiff should have supplemented answers to defendant's interrogatories to include added witnesses); *Fautek v. Montgomery Ward & Co.,* 96 F.R.D. 141 (N.D.Ill.1982).

**3.** The Supreme Court in *Sinclair Refining Co. v. Jenkins Petroleum Process Co.* held that "discovery is as appropriate for proof of a plaintiff's damages as it is for proof for other facts essential to his case," 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449 (1933), absent a showing that the information requested would reveal confidential business data or that assembling the information would be burdensome. *See Molinaro v. Lafayette Radio Electronics,* 62 F.R.D. 464, 466 (E.D.Pa.1973) (court may defer discovery on issue of damages until plaintiff has established the right to an accounting).

the trial were true. Plaintiff objects that the interrogatories are vague, overly broad and unduly burdensome, and premature contentions. The relevancy of this line of questioning is rather obscure. However, the Federal Rules of Civil Procedure allow for liberal discovery. Relevancy is broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). Therefore the questions are allowed, since they are not vague or overly broad, but are very specific questions requiring yes or no answers. Nor are they premature contentions since they are based on a hearing already held and request information about what plaintiff's representatives did, information best provided by the plaintiff itself. Therefore, plaintiff must answer or state why it cannot answer after reasonable inquiry. *See Milner v. National School of Health Technology*, 73 F.R.D. 628, 632 (E.D.Pa.1977).

■ In addition, plaintiff further objects in its Memorandum in Opposition that interrogatory nos. 30–33 are speculative. In particular, interrogatory nos. 32 and 33 ask for plaintiff's legal contentions concerning the defendant's potential involvement in the result of the ALJ labor dispute decision. Plaintiff cites *Rodriguez v. Hrinda*, 56 F.R.D. 11, 12, 16 F.R.Serv.2d 592, 594–95, and quotes Moore's Federal Practice, ¶ 26.56[3], at 26–142 to 26–143, which states that "interrogatories may not ... request speculative opinions, since the opinion must relate to the facts in issue or to the application of law to fact." 4 J. Moore, J. Lucas & G. Grotheer, Jr., Moore's Federal Practice (2d ed. 1989). Plaintiff however neglects to regard Moore's, *supra*, ¶ 33.17[1], which states that there is nothing in the rules that say only "facts" may be discovered. In fact, as quoted in *Broadway & Ninety–Sixth St. Realty Co. v. Loew's Inc.*, "it would be unfortunate if a rigid rule were applied" barring opinion answers to interrogatories, 21 F.R.D. 347, 359 (S.D.N.Y.1958). As the Advisory Committee Note reflects as to requests for opinions or contentions, if the

answer might serve some legitimate purpose, either in leading to evidence or in narrowing the issues, without unduly prejudicing the interrogated party, the court should require an answer. *See Diversified Products Corp. v. Sports Center Co.*, 42 F.R.D. 3 (D.Md.1967), Moore's, *supra*, cited by the Advisory Committee. *See also King v. E.F. Hutton & Co.*, 117 F.R.D. 2, 5 n. 3 (D.D.C.1987); *Broadway*, 21 F.R.D. at 359; *Anderson v. United Air Lines, Inc.*, 49 F.R.D. 144, 148 (S.D.N.Y.1969). In the present case, the interrogatories should be answered, although they are narrowly relevant, since they may further illuminate on plaintiff's relationship with defendant regarding the Unfair Labor Practice trial. Such an answer would seem to require no great expense to the plaintiff, nor impose any undue burden upon it. *See Wilmington Country Club v. Horwath & Horwath*, 46 F.R.D. 65, 67 (E.D.Pa.1969). Therefore, plaintiff should answer or if plaintiff has in good faith formed no definite opinion about the matter and cannot form such an opinion save for unwarranted speculation, it must state this for the record. *See Id.*

### INTERROGATORY NUMBERS 20–21

■ In interrogatories nos. 20–21, defendant asks plaintiff to detail and define the "outrageous acts" and "unreasonable risk of possible unfair labor practice liability" referred to in the complaint. Plaintiff simply refers defendant to its complaint. As defendant argues, merely restating the general allegations in the complaint is not a proper answer to an interrogatory. *See United States v. West Virginia Pulp and Paper Co.*, 36 F.R.D. 250, 251 (S.D.N.Y. 1964). However, plaintiff does not even restate the allegations of the complaint. Rather, plaintiff's response is to "See plaintiff's Complaint." *See* Plaintiff's Response to Defendant's First Set of Interrogatories, no. 20 (a copy of which is attached to Defendant's Memorandum as "Exhibit D"). An answer should be complete in itself and should not refer to the pleadings. Moore's, *supra*, ¶ 33.25. Plaintiff cannot avoid answering interrogatories by referring the defendant to the complaint, no matter how

detailed. *King*, 117 F.R.D. at 6. Thus it is improper to answer an interrogatory by merely repeating the allegations of the complaint. *West Virginia Pulp & Paper*, 36 F.R.D. 250. Plaintiff states in its Memorandum that the only information at the time was that which was in the Complaint. If that is true, it does not excuse plaintiff for improperly avoiding the requirements of Rule 33(a).[4]

■ Plaintiff has not objected to these interrogatories. It has merely referred defendant to the Complaint. In addition, plaintiff also states in its Memorandum that it has uncovered additional information to support its claims and will supplement when discovery is completed. *See* Plaintiff's Memorandum, p. 10. If plaintiff's answer is now incomplete, it has a duty to supply additional information received after the initial answer was supplied to reflect refinements or corrections to the factual representations made in its allegations in the Complaint. *King*, 117 F.R.D. at 5–6; *see also Novick*, 18 F.R.D. at 298. Defendant is entitled to know what the plaintiff is accusing it of doing. In order to defend itself, defendant must know the facts and evidence the plaintiff possesses to prove its allegations. *See United States v. General Motors Corp.*, 2 F.R.D. 528, 530 (N.D.Ill.1942). The purpose of interrogatories is to enable the parties "to prepare for trial ... A defendant is entitled to be informed as to what he will have to meet." *Id.* at 531.

### INTERROGATORY NOS. 26–29 AND DOCUMENT REQUESTS NOS. 12, 14–17

■ The Court notes that the parties held a Local Rule 24(f) Conference in which the parties claim that several disputes were resolved. Plaintiff claims that on April 10, 1992, counsel for both parties met and came to a number of agreements, plaintiff withdrawing some objections and defendant narrowing certain discovery requests. Plaintiff's Aff. ¶ 2 (Attached to Plaintiff's Memorandum in Opposition, "Exhibit A"). Plaintiff offers as proof letters from plaintiff's counsel to defendant's counsel "memorializing" these agreements, but does not offer substantial evidence as to the defendant's position. *See* Plaintiff's Memorandum, "Exhibit A, 1–4". Absent formal stipulations confirming these agreements or clear correspondence from both parties confirming these agreements, the Court must disregard plaintiff's arguments concerning the limitations of discovery pursuant to these agreements and must proceed under the Federal Rules of Civil Procedure concerning discovery.[5] It is not this Court's function to supervise counsel's independent negotiations regarding discovery. Therefore, this Court will only address the issues presented in defendant's motion to compel.

In interrogatories nos. 26–29, defendant seeks information concerning worker's compensation claims and absenteeism figures between 1975 and the present from both Stabilus plants.[6] Defendant also seeks the production of any documents concerning these claims and figures in its request for production of documents nos. 15–17. Plaintiff objects to the interrogatories and production requests as unduly burdensome and overly broad, seeking irrelevant and immaterial information, which is unlikely to lead to the discovery of admissible evidence. Defendant does not dispute that plaintiff produced some information with respect to these interrogatories. However,

---

4. Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. Fed.R.Civ.P. 33(a).

5. The Court recognizes that contained in plaintiff's Memorandum is a letter by defendant, "Exhibit A–3", which refers to the agreements alleged in plaintiff's April 17 letter. However, not only is the plaintiff's agreement letter vague,

the defendant does not clearly confirm or agree to any specific agreements.

6. Stabilus owns and operates a plant in Colmar, Pennsylvania which manufactures hydraulic springs. This plant has been union-organized for over 15 years. *See* Complaint ¶ 17. Stabilus also owns and operates a plant in North Carolina which has never been unionized. *See* Plaintiff's Memorandum in Opposition to Defendant's Motion, p. 11, n. 3.

in its motion to compel, defendant claims that only information from 1983 through 1986 and 1989 through 1992 has been produced. Plaintiff claims that it has produced all documents agreed to during their Local Rule 24(f) Conference.

■■■■■ Proceeding under the Federal Rules of Civil Procedure, this Court recognizes that relevancy is to be broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case. *Oppenheimer, supra.* Under Rule 34 of the Federal Rules of Civil Procedure discovery requests are relevant if they fall with the scope of Rule 26(b). Rule 26(b)(1) provides that discovery need not be confined to matters of admissible evidence but may encompass that which "appears reasonably calculated to lead to the discovery of admissible evidence." Therefore, discovery requests may be deemed relevant if there is any possibility that the information may be useful in the preparation of the case, even though not directly admissible in evidence. *See Smith v. Schlesinger,* 513 F.2d 462 (D.C.Cir.1975); *see also Federal S & L Ins. Corp. v. Commonwealth Land Title Ins.,* 130 F.R.D. 507 (D.D.C.1990). As a result, discovery rules are to be accorded broad and liberal construction. *Buffington v. Gillette Co.,* 101 F.R.D. 400 (W.D.Okla.1980). *See also Marker v. Union Fidelity Life Ins. Co.,* 125 F.R.D. 121, at 124 (M.D.N.C.1989).

■■■■■ While the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, *see Centurion Industries, Inc. v. Warren Steurer and Associates,* 665 F.2d 323, at 326 (10th Cir. 1981); *Bailey v. Meister Brau, Inc.,* 55 F.R.D. 211 (N.D.Ill.1972), it is not without limits. *See Broadway,* 21 F.R.D. 347. The facts and circumstances of a case determine and limit the relevancy of information sought in discovery. *Continental Access*

*Control Systems, Inc. v. Racal–Vikonics, Inc.,* 101 F.R.D. 418 (E.D.Pa.1983); *McClain v. Mack Trucks, Inc.,* 85 F.R.D. 53, 61 (E.D.Pa.1979). However, where there is doubt over relevance, the rule indicates that the court should be permissive. *Heat and Control, Inc. v. Hester Industries, Inc.,* 785 F.2d 1017, 1024 (Fed.Cir. 1986) (citing *Deitchman v. E.R. Squibb & Sons, Inc.,* 740 F.2d 556, at 556 (7th Cir. 1984)).[7] Since the precise boundaries of the Rule 26 relevance standard will depend on the context of the particular action, *see Mallinckrodt Chem. Works v. Goldman, Sachs & Co.,* 58 F.R.D. 348 (S.D.N.Y.1973), the determination of relevance is within the district court's discretion. *O'Neal v. Riceland Foods,* 684 F.2d 577 (8th Cir.1982); *Stewart v. Winter,* 669 F.2d 328 (5th Cir. 1982); *Bowman v. General Motors Corp.,* 64 F.R.D. 62 (E.D.Pa.1974).

■■■ In the present matter, defendant argues that the Interrogatories are relevant in that they help establish a yardstick against which the plaintiff measured the performance of its Colmar, Pennsylvania facility around June, 1986. Defendant alleges that around 1985, plaintiff employed a cost cutting bargaining strategy with respect to the renegotiation of the labor contract in June 1986 without the benefit of counsel.[8] It appears that the interrogatories seek to learn how the plaintiff determined the need for the cost cutting and whether plaintiff knowledgeably chose to employ the strategy without counsel. Plaintiff argues that the interrogatories are beyond the scope of Rules 26(b)(1), and are unreasonably burdensome without a specific showing of relevance. *See* Plaintiff's Memorandum in Opposition, p. 12. It is undisputed that plaintiff employed this cost cutting strategy. However, what remains at issue is whether defendant knew of this strategy and advised the plaintiff to

**7.** "[T]he Federal Rules permit the broadest possible scope of discovery and leave it to the enlightened discretion of the district court to decide what restrictions may be necessary in a particular case." (Citations omitted.) *Heat and Control, Inc.,* 785 F.2d at 1024.

**8.** Apparently, the productivity and efficiency of the Colmar facility's workforce was far behind the North Carolina facility and Stabilus wanted to improve productivity and reduce the incidence of worker's compensation claims and absenteeism. *See* Defendant's Motion to Compel, p. 6.

employ it.[9] Therefore, the Court must compel these answers as they may lead to discoverable evidence. Plaintiff shall file supplemental answers to the extent that information is available and has not yet been supplied by the plaintiff. In addition, any documents relating to the discoverable information shall also be produced.

■ In document request no. 12, defendant requests all documents which relate to any other bargaining sessions at which the representatives of the plaintiff for the 1986 negotiations were present during the course of their employment. Defendant claims that this information is relevant "to determining the level of sophistication of those lay people whom the plaintiff sent to the bargaining table in 1986 without the benefit of counsel." *See* Defendant's Memorandum, p. 13. At issue is whether defendant adequately advised the plaintiff. That determination will depend partly upon the sophistication of the plaintiff concerning the legal matters of the labor dispute, as well as, a factual determination of whether defendant advised plaintiff of the risks of plaintiff's actions. Since relevancy is to be broadly construed for discovery purposes, *Oppenheimer, supra,* plaintiff will produce any documents yet in its possession responsive to the request. If, however, all documents have been produced, then plaintiff must so state.

■ Document request no. 14 asks for all employee performance evaluations for all employees participating in any way in labor negotiations. Although relevancy is broadly construed, this Court is of the view that the interrogatory as formulated is overly broad and unduly burdensome in light of the issues in the case. *See generally General Leasing Co. v. Lawrence Photo–Graphic Supply,* 84 F.R.D. 130, 131 (W.D.Mo.1979); *In re Dayco Corp. Derivative Securities Litigation,* 102 F.R.D. 468, 471 (S.D.Ohio 1984); *Havas v. Communications Workers of America,* 509 F.Supp. 144, 151 (N.D.N.Y.1981). Defendant may not conduct general discovery into areas unrelated to its claims such as employee performance evaluations. *See Zahorik v. Cornell University,* 98 F.R.D. 27, 31 (N.D.N.Y.1983).

Plaintiff cites *New York Stock Exchange v. Sloan,* 22 F.R.Serv.2d 500, 503–05, 1976 WL 837 (S.D.N.Y.1976), which deals with a violation of the Securities Exchange Act. The court required a heightened standard of relevance for discovery of confidential information. The defendant in the case wanted to gain discovery of confidential personnel files which contained evaluations of employees who had conducted audits central to the action. Quoting Rule 26(c) of Federal Civil Procedure,[10] the court prevented the discovery of the materials using a three step analysis. First, it determined whether the material was relevant. The court stated that employee evaluations were relevant only to the issue of whether the employees assigned to do the audit were sufficiently skilled to conduct the audit. It held, however, that what the firm's management thought of the employees it assigned was not relevant to the main issue of the action, namely whether the accounting firm reacted properly in conducting the audit. Second, the court stated, even if the material was relevant, a determination was needed as to whether it was entitled to special protection under Rule 26(c). Balancing the competing public policies, the court determined that protecting individual's expectations of privacy and/or promoting free communication of candid evaluations and criticisms within an organization was strong enough to limit liberal pretrial discovery. *Id.* at 504. Thirdly, as a result a complete denial of discovery was appropriate.

---

**9.** Plaintiff alleges in its Complaint, ¶¶ 22–23, that upon the advice of defendant it made various cost-cutting demands during negotiations with the Union in June, 1986. To the contrary, defendant claims that plaintiff had already decided on the cost cutting strategy without the advice of counsel. *See* Defendant's Answer, ¶¶ 22–23.

**10.** "Rule 26(c) confers broad powers on the courts to regulate or prevent discovery even though the materials sought are within the scope of 26(b), and these powers have always been freely exercised." Advisory Committee's Notes to 1970 Amendments of Rule 26.

The case cites several analogous cases dealing with the confidentiality of medical records, income tax returns, and brokers client's shares records.[11] The plaintiff presents a persuasive case. Like the *New York* case, the present discovery matter relates to confidential employee evaluations. The main issue of this action is whether defendant negligently advised the plaintiff during labor negotiations. Therefore, the issue as to what the company's management thought of the employees it sent to the bargaining table is not relevant to the main issue of the action, especially since they are evaluations of plaintiff's employees and not defendant's. In addition, this request is overly broad and unduly burdensome, requesting information from ten years prior to the negotiations at issue. *See Milner*, 73 F.R.D. at 632. *See also e.g., Georgia Power Co. v. EEOC*, 295 F.Supp. 950 (N.D.Ga.1968), *aff'd* 412 F.2d 462 (5th Cir.1969) (court limited discovery to five years before the alleged unlawful acts); *General Insurance Co. v. EEOC*, 491 F.2d 133 (9th Cir.1974) (denial of discovery that sought to reach back in time eight years). Therefore, the defendant's request to compel production under request no. 14 is denied.

## INTERROGATORY NUMBERS 36–42

 In interrogatories nos. 36–42, defendant requests information concerning expert witnesses from plaintiff. Plaintiff initially answered that no expert had yet been retained and later supplemented its interrogatories providing the expert's Curriculum Vitae and agreed to supplement further. *See* Plaintiff's Responses to Defendant's Interrogatories (Attached to Defendant's Motion to Compel, "Exhibit D"); Plaintiff's Supplemental Responses (Attached to Plaintiff's Memorandum in Opposition as "Exhibit C"). Plaintiff now claims in its Memorandum in Opposition that defendant has no basis upon which to raise these interrogatories, since they were not discussed in the Local Rule 24 Conference. *See* p. 17. It is unknown to this court why plaintiff believes it can miraculously wipe out properly filed interrogatories merely because the parties did not discuss them at a discovery conference held solely between the parties. Rule 26(b)(4)(A) deals specifically with the discovery of information obtained by or through experts who will be called as witnesses at trial.[12] As noted by the Advisory Committee, without advance knowledge of an expert's testimony "the narrowing of issues and elimination of surprise which discovery normally produces are frustrated." *See* Moore's, *supra*, ¶ 26.01[18].

In addition, under Fed.R.Civ.P. 26(e)(1)(B), a party has a duty to seasonably supplement responses to interrogatories as to "the identity of each expert witness at trial, the subject matter on which the person is expected to testify, and the substance of the person's testimony." *See Weiss v. Chrysler Motors Corp.*, 515 F.2d 449, 457 (C.A.2d 1975). Although discovery is limited to trial witnesses, and may be obtained only at time when the parties know who their expert witnesses will be, *Id.*, plaintiff seems to be delaying and should produce all known expert witness information it has, since defendant has a right to this information.

## DOCUMENT REQUEST NUMBER 2

 Defendant also seeks to compel production of document request no. 2. Plaintiff responds that the request seeks information protected by the attorney-client privilege and the work product doctrine, and that it is overly broad and irrelevant. Defendant requests all documents of communications between plaintiff and counsel other than defendant which concern labor negotiations from 1975 through 1986. First, if any communications are privileged or protected by the work product doctrine, it is the party asserting the objection that has the burden of establishing the

**11.** *See e.g., Gillman v. United States*, 53 F.R.D. 316 (S.D.N.Y.1971) (medical records); *Bredice v. Doctors Hosp.*, 50 F.R.D. 249 (D.D.C.1970) (medical records); *Wiesenberger v. W.E. Hutton & Co.*, 35 F.R.D. 556 (S.D.N.Y.1964) (tax returns); *Cooper v. Hallgarten & Co.*, 34 F.R.D. 482 (S.D.N.Y.1964) (tax returns); *Reed v. Smith, Barney & Co.*, 50 F.R.D. 128 (S.D.N.Y.1970) (broker's records).

**12.** Fed.R.Civ.P. 26(b)(4)(A).

existence of the privilege or the doctrine. *See In re Arthur Treacher's Franchisee Litigation,* 92 F.R.D. 429 (E.D.Pa.1981); Moore's, *supra,* ¶ 33.19. *See also Conoco Inc. v. United States Department of Justice,* 687 F.2d 724, 730 (3d Cir.1982) (party claiming work product protection has the burden of establishing the material sought to be protected comes within the doctrine). A general, unspecified objection to interrogatories on the ground of work product or attorney-client privilege is insufficient and improper. *In re Shopping Carts Antitrust Litigation,* 95 F.R.D. 299, 305 (S.D.N.Y.1982).

 Plaintiff has not established that the doctrine applies. It has not shown that the work product it seeks to protect was " 'prepared or obtained because of the prospect of litigation.' " *In re Grand Jury Proceedings (FMC Corp.),* 604 F.2d 798, 803 (3d Cir.1979) (quoting 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2024, at 198 (1970)). Nor has plaintiff identified any specific documents that are privileged. Whether documents are privileged or not is to be determined on an individual case-by-case basis and not based on a blanket assertion by the party claiming the privilege. *Id.* In order for this Court to determine if the objection of privilege was properly raised, the party must:

> "supply the court with sufficient information from which it could reasonably conclude that the communication: (1) concerned the seeking of legal advice; (2) was between a client and an attorney acting in his professional capacity; (3) was related to legal matters; and (4) is at the client's insistence permanently protected."

*Id.* at 305–306, quoting *Federal Trade Commission v. Shaffner,* 626 F.2d 32, 37 (7th Cir.1980). Plaintiff has failed to provide this information and has simply interposed the "boilerplate objection" as defined by defendant. *See* Defendant's Motion to Compel, ¶ 5. To the extent that these interrogatories sought facts or information within the knowledge of the plaintiff and not facts or information obtained by the plaintiff *solely* from their attorneys, the interrogatories were proper and must be answered. *See In re Shopping Carts,* 95 F.R.D. at 306.

It should be emphasized that only the communication itself is privileged; the underlying facts, *Upjohn Co. v. United States,* 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981), as well as the factual circumstances surrounding the attorney-client relationship, *Nat. Union Fire Ins. Co. of Pittsburgh v. Aetna Cas. & Surety Co.,* 384 F.2d 316 (CA D.C.1967), are discoverable. The fact that plaintiff communicated in past labor disputes with counsel is narrowly relevant and discoverable as to the experience and sophistication of plaintiff regarding labor disputes. If it has not done so, plaintiff is to provide information as to whether it had contact in the past with counsel regarding labor disputes between the years requested by defendant.

To the extent that defendant appears to widen its request to include "any other third parties," in its motion to compel, implying those *other* than attorneys, *see* Defendant's Motion to Compel, p. 11, the request is to be limited to other counsel only. The defendant's Request for Production of Documents requests "any and all documents which reflect, refer or relate to communications *between plaintiff and counsel other than [defendant concerning labor negotiations* ] ... from 1975 through 1986." It does not refer to "other third parties" and plaintiff can only be held responsible to answer what the interrogatory specifically requests. *See Zahorik, supra; General Leasing Co., supra; In re Dayco Corp. Derivative Securities Litigation, supra;* Fed.R.Civ.P. 34(b) (request for production of documents shall describe same with "reasonable particularity").

### DOCUMENT REQUEST NUMBERS 21–22

 Defendant seeks in document request nos. 21–22 copies of plaintiff's annual financial reports since 1984 and tax returns from January 1, 1985. Plaintiff objects on the grounds that the requests seek confidential and proprietary information as well as general objections that they are overly broad and irrelevant. In addition, plaintiff

alleges in its memorandum in opposition that tax returns are not discoverable absent a showing that "the plaintiff's income is directly in issue." *Sanderson v. Winner,* 507 F.2d 477, 480 (10th Cir.1974), *cert. denied,* 421 U.S. 914, 95 S.Ct. 1573, 43 L.Ed.2d 780 (1975).

This Court recognizes the reluctance of courts to order the production of income tax returns. *See Wiesenberger,* 35 F.R.D. at 557; *Cooper,* 34 F.R.D. at 483. As a result, only the financial reports are discoverable and are ordered to be produced. The income tax returns need not be produced. In *Cooper,* the plaintiff charged his investment brokers with fraudulent misrepresentations concerning the purchase of gas and oil leasehold interests. The court stated that the plaintiff's income had no bearing on the issues of reliance or the alleged representations at stake in this case. In addition, the court stated that "income from the specific ventures which are the subject matter of this suit can readily be determined from the records and documents which plaintiff is required to produce," and there is no showing of need for exposure of the tax returns. *Id.* at 484–85.

Like *Cooper,* the present case does not directly involve the plaintiff's income, but instead deals with the legal advise given by defendant and plaintiff's reliance upon it. The defendant claims the documents are relevant to ascertaining whether the statements made by plaintiff during negotiations were based in fact, will go to the issue of damages, and will reflect whether the cost-cutting strategy plaintiff employed improved the financial condition notwithstanding the 1986 strike. *See* Defendant's Reply, p. 14. The issue of damages in this case is based on back pay for the striking employees. The data as to the amount of back pay is obtainable from the plaintiff's financial reports. The tax returns are not required to verify the records, and defendant has not shown a compelling need for production of the tax returns.

Therefore, with respect to document request no. 21, plaintiff must produce all annual financial reports since 1984. With respect to document request no. 22, plaintiff is not required to produce its income tax returns. The Court notes that a Confidentiality Stipulation has been entered and all information will be handled in accordance with the terms of the Stipulation.

In light of the foregoing, the motion to compel will be granted in part and denied in part.