Dr. Janie C. Y. SHANG, Plaintiff,

v.

HOTEL WALDORF–ASTORIA CORP. and Hilton Hotels Corp., Defendants.

No. 76 Civ. 5612.

United States District Court, S. D. New York.

Jan. 17, 1978.

Wilkie, Farr & Gallagher, New York City, for plaintiff; David L. Foster, Frederick L. McKnight, Anne D. Lopatto, New York City, of counsel.

Trubin, Sillcocks, Edelman & Knapp, New York City, for defendants; Marvin V. Ausubel, Loren G. Lavine, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

This diversity action has been brought by plaintiff, Dr. Janie C. Y. Shang, a citizen of Indonesia, to redress the alleged theft of her cosmetic bag containing jewels valued at $250,000 from the defendants' hotel, the Waldorf Astoria. Plaintiff has served defendants with certain interrogatories, two of which are the subject of the instant motion for an order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and local Rule 9, vacating the ruling of Magistrate Bernikow with respect thereto.

The allegedly improper interrogatories are numbered "13" and "16" and provide as follows:

13. State the number of reported thefts of guest property at the Waldorf, by month, for the period of time from January 1, 1975 to the present.

16. Identify all documents, internal memoranda, conversations and reports by any agent or employee of the Waldorf relating to the alleged loss of said jewelry or efforts to retrieve said jewelry.

Defendants originally objected to interrogatory 13 on the grounds that it was "burdensome and oppressive, calls for information which is irrelevant and immaterial to the subject matter involved in the pending action and is not reasonably calculated to lead to the discovery of admissible evidence." (¶ 4, affidavit of Marvin V. Ausubel, December 23, 1977). Following a conference before Magistrate Bernikow, plaintiff apparently agreed to limit the time period of the interrogatory to January 1, 1975 through January 18, 1976 (the date of the loss) whereupon Magistrate Bernikow directed that the modified interrogatory be answered. Defendant now appeals from Magistrate Bernikow's ruling on the grounds that interrogatory 13 is burdensome and calls for irrelevant material.

Plaintiff takes issue with defendants' characterization of interrogatory 13, urging that its relevance is apparent. The complaint charges, in part, that her loss was caused by defendants' failure to adequately guard against theft by establishing procedures, training personnel and providing facilities which would minimize the risk of such occurrences. According to plaintiff, numerous prior thefts might tend to show that security measures were insufficient and that defendants were on notice of this fact. Plaintiff directs me to a number of analogous cases in which courts have allowed discovery similar to that sought here. *See, e. g., Bower v. Whitehall Labs, Inc.,* 41 F.R.D. 359 (S.D.N.Y.1966) (discovery of prior complaints in a products liability case); *Wyatt v. Pennsylvania Railroad Co.,* 154 F.Supp. 143 (D.Del.1957) (discovery of prior accidents at a specific crossing).

Of course, as defendant points out, the determination of the relevance of a particular interrogatory is necessarily limited by the facts of each case. In this case I find that interrogatory 13 is clearly relevant on the question of defendants' knowledge of a potentially unsafe condition and therefore Magistrate Bernikow's ruling as to interrogatory 13 is affirmed.

Defendants also object to interrogatory 16 which requires them to identify all documents relating to the alleged theft, charging that is burdensome because defendant is called upon to identify all writings in their files without any attempt by plaintiff to particularize the kind of docu-

ments sought. It appears that all the information sought is contained in a single file within defendant's control; moreover, defendants have not charged that the file contains an excessively large number of documents, and plaintiff has agreed to accept copies of these documents made at its own expense, if this would decrease the burden to defendants. Accordingly, the interrogatory is not unduly burdensome. Moreover, the information sought is clearly of the nature sanctioned by Rule 26(b) since it directly relates to the alleged loss. Defendant, of course, has at all times retained its right to assert any applicable claims of privilege. I do not perceive this interrogatory as the "blunderbuss demand for discovery" that defendants deem it to be and therefore, Magistrate Bernikow's ruling as to interrogatory 16 is also affirmed.

IT IS SO ORDERED.