**CONTINENTAL ACCESS CONTROL SYSTEMS, INC., Plaintiff,**

v.

**RACAL-VIKONICS, INC., Defendant.**

Civ. A. No. 82–0263.

United States District Court, E.D. Pennsylvania.

Dec. 28, 1983.

Joseph R. Lally, Philadelphia, Pa., Daniel W.B. Flint, King of Prussia, Pa., for plaintiff.

Robert B. Schatz, Philadelphia, Pa., for defendant Racal-Vikonics, Inc.

Arthur H. Kahn, Philadelphia, Pa., for Racal Electronics, Ltd.

## MEMORANDUM AND ORDER

KELLY, District Judge.

Plaintiff has submitted to the Court a motion to compel the production of documents addressed to the defendant, defendant responded and oral argument was heard. Defense counsel objected to seven of the eight requests as extremely broad and irrelevant to the subject matter. I am granting plaintiff's motion as to request number four limited herein and denying the motion as to the other requests. The request for an award of counsel fees for the filing of this motion pursuant to the Federal Rules of Civil Procedure 37(a)(4) is denied.

Courts have held that objections to discovery requests must be specific and supported by an explanation. *In re Folding Carton Antitrust Litigation*, 83 F.R.D. 260 (N.D.Ill.1979). The test for determining whether material is discoverable is relevancy. *Roesberg v. Johns-Mansville*, 85 F.R.D. 292, 296 (E.D.Pa.1980). *Weahkee v. Norton*, 621 F.2d 1080, 1082 (10th Cir.1980).

Plaintiff's document requests numbered one, two, three [1] are not relevant to this action because the complaint has been dismissed as to co-defendant Racal-Electron-

---

1. A copy of the Document Requests is attached as page —— and may be referred to when a document request is being addressed herein.

ics, Ltd. They are therefore denied. *Roesberg*, 85 F.R.D. at 296.

██ Document request number four [2] is limited to the time period relevant to the action, i.e., November 1979 to February 1983. The question asks for personal notes kept by members of the Board of Directors of Racal-Vikonics, Inc. (Vikonics). The plaintiff requests such because the President of Vikonics, John Kaufman, mentioned his own notes in a deposition relevant to this action. (Kaufman Deposition Transcript p. 150). Mr. Kaufman's notes are relevant and discoverable, however, there is no assurance that other Board members retained such notes. Thus, they are not known to exist and as such are not discoverable material. Interrogatories should be sent to the other Board members to elicit the existence of such notes. The facts and circumstances of this case determine and limit relevance. *Shang v. Waldorf Astoria Corp.*, 77 F.R.D. 468, 469 (S.D.N.Y.1978).

██ Document request number five [3] defendant claims has been answered. If plaintiff has any other documents in mind a *specific request* for such must be made. The requirement that requests be definite is satisfied when it is clear of what document(s) the request is made, e.g., invoices or service reports or purchase orders. *Struthers Scientific and International Corp. v. General Foods Corp.*, 45 F.R.D. 375, 379 (S.D.Tex.1968). In request five it is not.

██ Document request number six, seven and eight [4] are inconclusive as to the time period in question and broad and vague as to subject matter. "... the District Court should not neglect their power to restrict discovery where justice requires (protection for) a party ... (from) oppression or undue burden or expense. With this authority at hand, Judges should not hesitate to exercise appropriate control over the discovery process." *Herbert v.*

*Lando*, 441 U.S. 153, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979). In *Peck v. U.S.*, 88 F.R.D. 65 (1980), the plaintiff requested "All documents reflecting or referring to any or all reports by the task force. The Court stated that, "(P)laintiff has not identified what documents it seeks to discover through that portion of its request ... nor has plaintiff provided us with any basis for concluding that such documents exist." *Peck*, 88 F.R.D. at 73. For these reasons requests six through eight are denied.

### DOCUMENT REQUESTS

1. All documents relating or referring to the acquisition of the stock of Vikonics Inc. by Racal Holdings Inc., including any agreements relating thereto.

2. All documents relating or referring to the sale of the stock of Racal-Vikonics Inc. owned by Racal Holdings Inc. to Racal-Vikonics Inc., including any agreements relating thereto.

3. All documents relating or referring to any dealings with or communications with Racal Electronics Ltd. or any subsidiary of the Racal Electronics Group.

4. All minutes of meetings of the Board of Directors of defendant Racal-Vikonics Inc.

5. Any documents relating or referring to the preparation of Quote # 226–03 of October 9, 1981 addressed to plaintiff regarding the Mechanicsburg project.

6. All documents relating or referring to any suppliers of sub-contractors of any material, parts or components for use in connection with the Mechanicsburg project.

7. All documents relating or referring in any manner to the Mechanicsburg project.

8. All documents received by defendants from any other customers relating or referring to the operation of or performance of the VISCAN II system or any related equipment sold by defendant.

**2.** Id. n. 1.

**3.** Id. n. 1.

**4.** Id. n. 1.