**REPUBLIC ENVIRONMENTAL SYSTEMS, INC.**

v.

**REICHHOLD CHEMICALS, INC.**

**Civ. A. No. 93–6092.**

United States District Court, E.D. Pennsylvania.

Sept. 14, 1994.

See also: 154 F.R.D. 130.

Robert C. Clothier, III, Joseph A. Tate and Arthur S. Gabinet, Dechert Price & Rhoads, Philadelphia, PA, for plaintiff.

Mark J. Oberstaedt and Robert T. Egan, Archer & Greiner, Philadelphia, PA, for defendant.

*MEMORANDUM*

JOYNER, District Judge.

Presently before the Court is Defendant's Motion to Compel Production of Documents and More Specific Answers to Interrogatories. For the following reasons, Defendant's Motion is granted.

Plaintiff, Republic Environmental Systems, Inc., operates a hazardous waste treatment facility in Pennsylvania. In the first two months of 1992, the Philadelphia Suburban Water Company reported that its drinking water was contaminated, causing a bad taste and odor. Plaintiff alleges that this contamination originated with wastewater that Defendant, Reichhold Chemicals, Inc., had sent to Plaintiff for treatment. Plaintiff alleges that Defendant failed to inform it of the chemical composition of the wastewater and has sued Defendant for common law fraud, negligent misrepresentation and breach of contract.

Defendant has served interrogatories and requests for production of documents on Plaintiff. It has moved this Court to compel the production of certain documents and to compel further answers to two interrogatories. These requests will be examined individually.

### 1. Document Request No. 24

Defendant's Request Number 24 seeks: "All documents relating to any environmentally-related investigation, inspection or inquiry by any governmental agency or authority concerning the Facility." This apparently limitless request is narrowed by two definitions. First, the relevant time frame for the request is limited to January 1, 1990 to the present. Second, the Facility is defined as the residual and hazardous waste treatment facility operated by Republic in Hatfield, Pennsylvania.

Plaintiff objects to this discovery request on the ground that it is irrelevant and unduly burdensome. Plaintiff's relevancy argument relies heavily on the theory that the requested documents would be inadmissible at trial. Plaintiff further objects to the request on the ground that Defendant's arguments for relevancy are groundless and that Defendant is actually engaged in a fishing expedition. Plaintiff has agreed to produce documents that relate to investigations regarding taste and odor problems.

Defendant asserts that its request is relevant for three reasons. First, it desires the documents to aid in discovering "Republic's previous scrapes with the environmental authorities; the history of Republic's environmental violations; Republic's 'relationship' with the environmental authorities at the time of the 1992 incident; and Republic's practices in handling, characterizing and treating wastes and wastewaters." Brief in Support of Defendant's Motion to Compel Production of Documents and More Specific Answers to Interrogatories at 5 (Defendant's Brief). Defendant argues that this information is relevant to its defense that Plaintiff attempted to shift blame for the taste and odor problem to Defendant. Defendant argues that the requested documents could show a pattern of blame-shifting or a pattern of experiences with environmental authorities that would require such conduct.

Second, Defendant alleges that the requested documents are directly related to Plaintiff's lost profits claim. Defendant alleges that these documents will show that it is not solely responsible for any lost profits Plaintiff may have suffered.

Third, Defendant argues that the documents may produce evidence that would be admissible as habit or routine business practice under Federal Rules of Evidence 406.

The Federal Rules of Civil Procedure permit discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R.Civ.P. 26(b)(1). It is not ground for objection that the information sought will be inadmissable at trial if the "information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

The party opposing discovery has the burden to raise an objection, then the party seeking discovery must demonstrate the relevancy of the requested information. *Amcast Indus. Corp. v. Detrex Corp.,* 138 F.R.D. 115, 118 (N.D.Ind.1991). Once this showing is made, the burden switches again to the party opposing discovery to show why discovery should not be permitted. *Id.*

Relevancy is broadly construed, and determined in relation to the facts and circumstances of each case. *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A.,* 144 F.R.D. 258, 265–66 (E.D.Pa.1992) (*citing*

*Continental Control Sys. v. Racal–Vikonics,* 101 F.R.D. 418 (E.D.Pa.1983); *McClain v. Mack Trucks, Inc.,* 85 F.R.D. 53, 61 (E.D.Pa. 1979)). When there is doubt about relevance, a court should tend toward permitting discovery. *Id.* at 265 (*citing Heat & Control, Inc. v. Hester Indus., Inc.,* 785 F.2d 1017, 1024 (Fed.Cir.1986)).

An important consideration in determining relevance is how specific the request is. When parties have made requests with no temporal, locality or other restriction, courts have denied the requests as overbroad or unduly burdensome. *Gould, Inc. v. CNA,* 809 F.Supp. 328, 339–40 (M.D.Pa.1992), *aff'd,* 5 F.3d 1489 (3d Cir.1993) (documents created after relevant time or regarding other facilities of plaintiff not relevant, therefore, not discoverable); *Amcast,* 138 F.R.D. at 120–21 (request for writings relating to any other environmental remediations overbroad when no time, type of writing or subject limitations).

■ Here, Defendant seeks information regarding other environmental investigations at the relevant facility and during the relevant time period. Defendant's relevancy arguments are persuasive to this Court. Especially persuasive are the suggestions that the requested documents could produce lost profit information or habit evidence. The requested information, accordingly, "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). *See e.g. In re ML–Lee Acquisition Fund II,* 149 F.R.D. 506 (D.De.1993) (plaintiffs' investment history relevant to determine propriety of class certification); *Stabilus,* 144 F.R.D. at 266 (documents relating to all other bargaining sessions relevant to determining sophistication of people involved in at issue bargaining session); *Gould,* 809 F.Supp. at 338–39 (documents relating to all past actions related to instant action discoverable to show intent). Accordingly, Plaintiff will produce all documents it possesses that are responsive to Document request number 24.

*2. Interrogatory Nos. 5 and 6*

■ Interrogatory Numbers five and six each request information regarding specific actions taken by Plaintiff and include the request, "stating the date of all such actions." Plaintiff has provided detailed narrative responses to these interrogatories with one exception. Plaintiff does not provide the dates of the actions.

Rather, Plaintiff has informed Defendant and this Court that the dates are readily available in the documents Plaintiff has produced to Defendant. Plaintiff asserts that the documents produced to Defendant have been produced in rough chronological order and are identified by file name. Plaintiff also argues that Defendant should be required to gain the dates it seeks via depositions and not interrogatories.

Defendant, in turn, argues that Plaintiff's blanket assertion that the specific dates are available in the produced documents is unhelpful because Plaintiff has not indicated which documents, or even which group of documents, contain the information. Moreover, Defendant asserts that Plaintiff's corporate designee was unable to answer questions regarding specific dates.

Defendant has properly requested relevant information of Plaintiff. If, as Plaintiff claims, the information is readily available in the produced documents, Plaintiff should be well able to produce the information. Indeed, Plaintiff is probably more able to produce the information because the documents allegedly containing the information were created and maintained by Plaintiff. Accordingly, Plaintiff will completely answer the interrogatory and give specific dates for the actions described or will inform Defendant, with specificity, which documents contain the information. *Haseotes v. Abacab Int'l Computers, Inc.,* 120 F.R.D. 12, 14 (D.Conn.1988).

### ORDER

AND NOW, this 14th day of September, 1994, upon consideration of Defendant's Motion to Compel Production of Documents and More Specific Answers to Interrogatories, and responses thereto, the Motion is hereby GRANTED.