468

Schree HICKS, Angelique Giddings, Sandra White and Willie Mae Lewis

v.

Robert ARTHUR, Marsha O'Hara, Robert Fishman and Resources for Human Development, Inc.

Civ. A. No. 93–3160.

United States District Court, E.D. Pennsylvania.

Jan. 11, 1995.

See also 843 F.Supp. 949.

§ 1981 (1994) using a disparate treatment theory.

 Preliminarily, defendants argue at length that statistical evidence is only relevant to a disparate impact case, and that because this is a disparate treatment case, all of plaintiffs' interrogatories requesting statistical information seek irrelevant information. We disagree with defendants' premise of law. The Supreme Court has held that statistical evidence can be relevant in a disparate treatment case to rebut a defendant's proffered legitimate, non-discriminatory reason for an allegedly discriminatory action. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 805, 93 S.Ct. 1817, 1825–26, 36 L.Ed.2d 668 (1973).[1] In *McDonnell*, the Court held that "evidence that may be relevant to a[ ] showing of pretext includes ... statistics as to petitioner's employment policy and practice." *Id.* at 805, 93 S.Ct. at 1825; *Robbins v. Camden City Board of Educ.*, 105 F.R.D. 49, 55–56 (D.N.J. 1985). Accordingly, we hold that statistical evidence is relevant for discovery purposes in this case.

Defendants' second main objection to the Interrogatories is that RHD does not have the race information that plaintiffs seek. Defendants have supplied this Court with an affidavit of Robert Kawcznski, Fiscal Manager for RHD. Kawcznski avers that RHD "does not keep records on its employees' race and has never done so." He further avers that in 1994, RHD prepared EEO–1 Reports and a Workforce Utilization Analysis for the Equal Employment Opportunity Commission. His affidavit states that in order to gather the necessary race information for the Reports and Analysis, it was necessary to conduct personal surveys of the employees. Defendants provided plaintiffs with copies of those documents. Kawcznski further avers that "[b]ased on Resources' employment records, it would be impossible to calculate the number of minority employees in various positions between 1987 and 1993. Resources does not have the raw data that would permit this type of calculation."

Don Bailey, Olde English Gap, Harrisburg, PA, for plaintiffs.

Joan R. Sheak, Klehr, Harrison, Harvey, Branzburg & Ellers, Bethlehem, PA, for defendants.

## MEMORANDUM

JOYNER, District Judge.

Before this Court is Plaintiffs' Motion to Compel Answers to Plaintiffs' First Set of Interrogatories to Defendants. Defendants make two main objections to the Interrogatories; first, that statistical evidence is irrelevant to plaintiffs' claims and second, that they do not have the race information sought by plaintiffs and could not gather it without excessive burden.

This case alleges race and sex discrimination by Resources for Human Development, Inc. (RHD), an employer, and by Robert Arthur, Marsha O'Hara and Robert Fishman, three employees of RHD. The amended complaint asserts causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1994) and 42 U.S.C.

---

1. Although *McDonnell* only addresses Title VII, not § 1981, it is applicable here because, as defendants concede, the disparate treatment analysis under § 1981 and Title VII is the same. *Wilmore v. City of Wilmington*, 699 F.2d 667, 669–70 (3d Cir.1983); Defendants' Brief at 11.

Under the federal rules, a party is under no obligation to create information for another. 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2174 at 303. Given defendants' affidavit, it appears that the only way defendants could respond to the Interrogatories would be to conduct a survey of all its employees, past and present, over an eight year period. This would be a major undertaking considering that RHD presently employs over 1,000 people. We hold that RHD is not required to create information such as this, and sustain defendants' objections.

We now turn to the actual Interrogatories.

■ First, Interrogatory numbers 2–9 seek the job description, length of service and employment history of each defendant and each plaintiff as well as one other person (Kiff Weyl). Defendants object to these Interrogatories on the ground that the questions have been thoroughly asked and answered in depositions with each person. Plaintiffs' motion states that they seek the " 'official' version of the requirements and duties of each position referred to." This is a legitimate request, and so defendants are hereby ordered to provide this information.[2] However, because the rest of the questions have been asked and answered, and because plaintiffs do not explain why additional responses are necessary, the objections will otherwise be sustained. Wright, et al. at 301.

■ Second, Interrogatory number 10 states: "Identify and fully describe as to function, salary, any involvements and duties, each job title used by RHD since January 1, 19[8]7, including dates of use." Defendants object to this Interrogatory for overbreadth, undue hardship and irrelevance. They argue that because the complaint alleges disparate treatment of four particular people in four particular job categories, during a discrete period of time, that the Interrogatories sweep broader than is reasonable. We agree. RHD employs over 1,000 people, and without any showing by plaintiffs, we cannot see that information on every job title is

relevant. This is said with the knowledge that relevance for discovery purposes is broad. Fed.R.Civ.P. 26. "Despite the generally held view that liberal discovery should be permitted in actions alleging unlawful discrimination, the scope of discovery is not without limits. The responses sought must comport with the traditional notions of relevancy and must not impose an undue burden on the responding party." *Robbins*, 105 F.R.D. at 55. Plaintiffs have not demonstrated the relevance of this expansive information, and so we sustain the objection.

■ Third, defendants object to Interrogatory numbers 11–18, which ask for the name, address, sex, race, date of hire, tenure, salary, prior experience and date and reason for termination of each Director, Chief Executive Officer, Associate Director, Assistant Director, Unit Director, Assistant Unit Director, Special Director and consultant of RHD from 1987 to the present. Plaintiffs' brief informs us that they no longer seek information on the age of the above people, but we do not see that they ever did. This concession is, therefore, meaningless.

Defendants object to these Interrogatories for a number of reasons. The first we have already addressed by holding that RHD need not create information that it does not possess. Accordingly, insofar as RHD does not have information regarding the race of the above employees, it is not required to produce this information.

■ As far as the other information requested is concerned, we find that the requests are overbroad. To make out a disparate treatment case, plaintiffs must show that members of non-protected classes, similarly situated, were treated differently than they were. *O'Brien v. City of Philadelphia*, 837 F.Supp. 692 (E.D.Pa.1993). Plaintiffs have not demonstrated how the CEO or Director, or other named categories of employees are similarly situated to them. The positions plaintiffs held were apparently unit director, clinical specialist, resident advisor and site supervisor. Based on the information pres-

2. In their Answer to Plaintiffs' Motion, defendants assert that they are unaware of what the "official" version of a job description is. We take the meaning of plaintiffs' request to mean an authoritative description of the job from the employer itself, not the employee.

ently before this Court, we find that the positions that are relevant for discovery purposes are the positions that the plaintiffs occupied or requested promotions into.

█ The amended complaint does not detail the hiring dates of each plaintiff, but defendants' brief indicates that Hicks was the first plaintiff hired, in April, 1987. According to the amended complaint, the last alleged discriminatory act occurred in December, 1992, the month Lewis was terminated. Various courts have held that eight years prior to the alleged discrimination is too broad, but that five, four or two years prior is reasonable. *Robbins,* 105 F.R.D. at 62–63 (citing *McClain v. Mack Trucks,* 85 F.R.D. 53, 63 (E.D.Pa.1979); *General Ins. Corp. v. EEOC,* 491 F.2d 133 (9th Cir.1974)). A period of time after the event can also be relevant for discovery purposes. *Id.* Plaintiffs allege both discrimination in termination *and* discrimination during the time of their employment in the denial of the "opportunity to enjoy the benefits and emoluments which they had earned through their contracts of employment." For this reason, the time during each plaintiffs' tenure is relevant, as well as a time before the first hiring began. Accordingly, at least the time between April, 1987 and December, 1992 is relevant. Plaintiffs have voluntarily limited the dates of their requests from January, 1987 to the date of the requests (October, 1994). These are roughly four months prior to and two years after the tenure of the plaintiffs. We find that this is a reasonable time frame in which to conduct discovery. *Robbins,* 105 F.R.D. at 63. We sustain RHD's objections to these Interrogatories, but give plaintiffs five days to submit amended Interrogatories conforming with the above discussion.

Fourth, Interrogatory numbers 19–25 ask for a statistical analysis of the race of the above job categories. As we have already discussed, race information is not available to defendants, and so objections to these Interrogatories are sustained. For the record, we note that the Interrogatories are also duplicative of Interrogatory numbers 11–18 because they seek simply a mathematical analysis of the very information sought in Interrogatory numbers 11–18.

Fifth, Interrogatory numbers 26 and 27 seek written policies of RHD on certain topics without any time limitation whatsoever. Defendants responded to these Interrogatories by producing written policies from 1989 on. Plaintiffs do not explain why this is an unreasonable response. Without an argument on the matter, we find that defendants have adequately responded to the Interrogatories. We sustain the objection to the Interrogatories as overbroad for failure to state a time frame.

█ Finally, Interrogatory numbers 28–32 seek information relating to the numbers and races of RHD employees who sought and received promotions. Most of these requests are limited to the time after January 1, 1987. Defendants object to these Interrogatories as overbroad in time, unduly burdensome and irrelevant. For the same reason as discussed in relation to Interrogatory numbers 11–18, we agree that the requests are overbroad in seeking information not relating to people similarly situated to plaintiffs. Accordingly, we sustain the objections insofar as they relate to all RHD employees. In addition, we note that RHD may not possess the requested race information. Parenthetically, we sustain the objection to Interrogatory 29(b), which seeks the number of African Americans promoted from without RHD. Like defendants, we do not understand how RHD could promote people it did not already employ. Otherwise, we sustain the objections to these Interrogatories, but give plaintiffs five days to submit amended Interrogatories that conform with the above discussion.