**Thomas and Denise HALL**

v.

**HARLEYSVILLE INS. CO., et al.**

**Civil A. No. 94–6656.**

United States District Court,
E.D. Pennsylvania.

Jan. 29, 1996.

Cary L. Flitter and Beth G. Schulman, Lundy, Flitter & Beldecos, P.C., Narberth, PA, for Plaintiffs.

Thomas K. Ellixson, Marshall, Dennehey, Warner, Coleman & Goggin, Norristown, PA, for Defendants Harleysville and Hinkle.

John R. McHaffie, Frayne & Hatzell, Philadelphia, PA, for Defendants Loss Prevention, Ciaccio and Olshevski.

Mark T. Gallagher and Kenneth M. Portner, Weber Goldstein Greenberg & Gallagher, Philadelphia, PA, for Defendant COD Associates, Inc.

## MEMORANDUM

JOYNER, District Judge.

Plaintiffs, Thomas and Denise Hall, seek discovery of Defendant Harleysville Insurance Company. This action concerns Harleysville's alleged use of consumer credit reports during their investigation of Thomas Hall's worker's compensation claim. Part of Plaintiffs' claim is that Harleysville knowingly misused the consumer credit reports. The proposed discovery goes to Harleysville's alleged knowledge and willfulness.

We shall address each discovery request separately, however, the same discovery rules apply to all the requests. First, Federal Rule of Civil Procedure 26(b)(1) permits:

> discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible thing and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Once discovery is provided, the respondent is "under a duty to supplement or correct the disclosure or response to include information thereafter acquired ... if the party learns that in some material respect the information disclosed is incomplete or incorrect." Fed. R.Civ.P. 26(e).

Relevance is broadly construed and determined in relation to the facts and circumstances of each case. *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A.,* 144 F.R.D. 258, 265–66 (E.D.Pa.1992) (citing *Continental Control Sys. v. Racal–Vikonics,* 101 F.R.D. 418 (E.D.Pa.1983); *McClain v. Mack Trucks, Inc.,* 85 F.R.D. 53, 61 (E.D.Pa. 1979)). When there is doubt about relevance, a court should tend toward permitting discovery. *Id.* at 265 (citing *Heat & Control, Inc. v. Hester Indus., Inc.,* 785 F.2d 1017, 1024 (Fed.Cir.1986)).

Finally, when a party asserts a privilege, the party should "make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed.R.Civ.P. 26(b)(5); *Stabilus,* 144 F.R.D.

at 268. With these fundamentals in mind, we turn to the requests at hand.

*Interrogatories and Requests for Production of Documents*

■ Interrogatories ten through fourteen and Requests for Production of Documents eleven through nineteen are all based on the same premise; that Harleysville has used in the past and continues to use consumer credit reports in its investigation of insurance claims. So, Interrogatory ten asks for an identification of all systems and procedures by which Harleysville could determine or track the times it has sought or obtained consumer credit reports and Interrogatory eleven seeks the identification of all employees who have knowledge of such systems or procedures. Harleysville denied requesting credit reports and thereby denied any systems or procedures available to track such requests. Interrogatory twelve asks how many times Harleysville asked any co-defendant detective agency to obtain a consumer credit report for investigative purposes; Interrogatory thirteen asks whether Harleysville has sought or obtained consumer credit reports on claimants from 1991 to the present and Interrogatory fourteen asks for details about those requests. Again, Harleysville responded that it has never sought or obtained consumer credit reports for investigative purposes.

The Document Requests seek, among other things, any requests for consumer credit reports, all contracts between Harleysville and any consumer credit reporting agency and records relating to fees paid to detective agencies.

In this Motion, Plaintiffs attest that a Harleysville employee testified at her deposition that within the past several months, Harleysville had received two credit reports relating to two other claimants named Weidermaier and DeSantis from a detective agency known as the Hart Agency. In addition, this deponent and one other Harleysville employee testified that it would be possible to identify other instances where credit reports were obtained by polling all the adjusters or by conducting a file by file search. The first deponent testified further that Harleysville had not undertaken such a search. In addition, Plaintiffs maintain that a co-defendant testified that he provided Harleysville with credit reports on approximately five to ten other occasions.

According to Plaintiffs, this evidence indicates first, that Harleysville did not properly answer its Interrogatories, because it flatly denied making any requests for credit reports without searching its records first. Second, it demonstrates that Harleysville incorrectly answered the Interrogatories because there were at least two instances when credit reports were received that Harleysville did not acknowledge.

Harleysville first responds by re-asserting its position that it has not requested consumer credit reports for investigatory purposes and that its answers were therefore appropriate. Second, Harleysville defends its employee's testimony by explaining that she had mistakenly requested the credit reports but that they were returned promptly upon receipt. Third, Harleysville explains its co-defendant's testimony by pointing to additional testimony, wherein he explains that he may have pulled Plaintiffs' credit reports on his own initiative. These additional facts, Harleysville contends, demonstrate no contradiction in its original answers.

Second, Harleysville maintains that any search of its files would be unduly burdensome and would require ceasing work for an entire day while its entire work force searched the files page by page. In addition, Harleysville contends that Plaintiffs' request would require creating evidence for Plaintiffs, an obligation that is not imposed under the Federal Rules. *Hicks v. Arthur*, 159 F.R.D. 468, 470 (E.D.Pa.1995).

Finally, Harleysville contends that the requests are irrelevant because no evidence, but only Plaintiffs' counsel's imagination, suggests a pattern of wrongdoing on Harleysville's part.

We find that Harleysville has indeed answered Plaintiffs' written discovery improperly. Both Interrogatories ten and thirteen asked whether Harleysville had sought or *obtained* credit reports. According to Harleysville's own admissions, it has sought these reports, although apparently by acci-

dent, and has received several reports from at least one co-defendant, although it contends it returned the reports promptly. Harleysville was under a duty to answer completely and not make its own determinations that the allegedly mistaken receipt of credit reports was irrelevant to this litigation.

Moreover, we find that the requested information is relevant to the action and therefore, discoverable. For this reason, we grant Plaintiffs' Motion to Compel the Interrogatories and Requests for Production of Documents. We understand Harleysville's position that it will be burdensome for it to review each of the 2,200 suffixes it claims will have to be searched. However, in light of their previous answers and the evidence their employee and their co-defendants have provided, we find that the search is not *unduly* burdensome.

In addition, we disagree with Harleysville's reading of *Hicks* with respect to the creation of evidence argument. In *Hicks,* defendant had no records whatsoever concerning its workforce's race and gender composition. Therefore, to answer questions on this topic would require it to do original research on each employee, in other words, creating information. 159 F.R.D. at 470. Here, the information exists but is hidden in the filing system that Harleysville established. In other words, no new information will need to be created to answer Plaintiffs' discovery. For this reason, we strike Harleysville's objections and order it to fully respond to Interrogatories ten through fourteen and Requests for Production of Documents eleven through nineteen.

*Weidermaier and DeSantis Claims Files*

Plaintiffs contend that when they learned of the Weidermaier and DeSantis credit reports, they immediately requested production of the files, but that those files have never been provided. Harleysville claims that these files are irrelevant and therefore not discoverable. However, it allows that "should this Honorable Court decide that the aforementioned files are discoverable despite their remoteness in time to the instant matter, Responding Defendants are willing to produce only the log notes of the files with

the identities of any persons named therein redacted."

In fact, we do find that the Weidermaier and DeSantis files are relevant and do compel their production. We note that we compel production of the whole file, not just the log notes. And, as with all other materials produced in this action, privileged or personally identifying information of the type addressed in our December 21, 1995 ruling should be redacted and a privilege log supplied. Accordingly, Harleysville is ordered to produce for inspection and copying the Weidermaier and DeSantis files.

*LPCI and Hart Detective Agencies Claims Files*

Plaintiffs request all claims files for which detective agencies LPCI and the Hart Agency have been employed. They contend that these files are relevant because there is evidence that these two entities have been used in the past to obtain consumer credit reports.

Harleysville objects to this request on the ground discussed above, that it is overly burdensome for it to search its records to identify the files for which it may have employed LPCI and the Hart Agency. Further, it contends that much of the information in any relevant files would be proprietary and privileged.

For the same reasons given above, we reject Harleysville's burden objection. Further, for any information that is privileged, Harleysville need only comply with Rule 26(b)(5) and its concern is obviated. Accordingly, Harleysville is ordered to produce for inspection and copying all claims files in which Harleysville employed either LPCI or the Hart Agency.

*Harleysville Claims Manual*

Plaintiffs seek the claims manual that Harleysville's employees use for instruction on how to process claims. Plaintiffs believe that the claims manual would reflect that Harleysville authorized the use of consumer credit reports. To date, Harleysville has only produced one page from the manual, the page Harleysville deems relevant. In response to this Motion, Harleysville offers to produce the investigative section of the man-

ual but claims that the rest is outside the scope of discovery.

We find that Plaintiffs have properly requested the entire manual and that it appears that the entire manual may be relevant. Harleysville has not provided this Court with any evidence to support its bland assertion that the rest of the manual is irrelevant to this action. For this reason, we order production of the entire manual.

*Hall File*

Plaintiffs have asked to re-inspect and copy their claim file. They claim that Harleysville has refused to produce the file. Harleysville agrees that it has not produced the file and contends that Plaintiffs are not entitled to another production of it. However, it has agreed to produce it to Plaintiffs' counsel.

*Depositions*

Finally, Plaintiffs seek to compel the deposition of Richard Slomiany and Harleysville's Rule 30(b)(6) representative. It appears that Slomiany is Harleysville's Rule 30(b)(6) representative and that Harleysville has agreed to produce him for a deposition already scheduled.

An appropriate Order follows.

### ORDER

AND NOW, this 29th day of January, 1996, upon consideration of Plaintiffs' Motion to Compel More Specific Responses of Defendant Harleysville, Compel Production of Documents, and Compel the Deposition of Richard Slomiany and Harleysville's 30(b)(6) Representative and responses thereto, the Motion is hereby GRANTED in accordance with the attached Memorandum.