**Whitney WILLIAMS, et al., Plaintiffs,**

**v.**

**AMERICAN CYANAMID and the United States of America, Defendants.**

**Civil Action No. 94–920(JCL).**

United States District Court, D. New Jersey.

Feb. 15, 1996.

Lee A. Solomon, Law Offices of Lee A Solomon, Haddon Heights, NJ, for Plaintiffs.

Donald A. Robinson, Robinson St. John & Wayne, Newark, NJ, Susan C. Cassell, Asst. U.S. Atty., Newark, NJ, for Defendants.

**MEMORANDUM AND ORDER**

LIFLAND, District Judge.

Plaintiffs have appealed Magistrate Judge Hedges' June 19, 1995 discovery order and his September 7, 1995 denial of their motion for reconsideration of the same. For the reasons stated below, this Court will affirm Magistrate Judge Hedges' orders. Plaintiffs have also moved to stay discovery pending the outcome of this appeal.

### The Discovery Order

Plaintiffs are Whitney Williams, a minor child, and her parents. In March 1992, at the age of ten, Whitney was diagnosed with Acquired Immune Deficiency Syndrome (AIDS), an infectious, blood-borne and fatal disease for which there is no cure. Plaintiffs contend that no known risk factor can account for Whitney's infection.

On February 25, 1994, plaintiffs commenced this products liability action against American Cyanamid on the theory that Whitney contracted AIDS from a viral contaminant present in an oral polio vaccine, Orimune, manufactured by that company. Whitney received Orimune as an infant in 1982, between the months of April and August. Since 1977, Orimune, which is manufactured under license from the Center for Biologic Evaluation and Research of the Food and Drug Administration, has been administered orally to nearly every infant born in the United States. The live polio virus which forms the basis of Orimune is grown by American Cyanamid in the kidney cells of African green monkeys.

Plaintiffs assert that Whitney was infected by a simian lentivirus present in the Orimune that she ingested in 1982 and that oral ingestion of this viral contaminant caused her to contract AIDS. Plaintiffs contend that these viruses may have included HIV–1, the most common source of AIDS in the United States, HIV–2, a related virus believed to cause AIDS but rarely found in the United States, and SIVagm, the simian immunodeficiency virus found in African green monkeys. Tests conducted by the Centers for Disease Control determined that Whitney is infected with HIV–1 and not with HIV–2 or any type of SIV.

Discovery revealed that American Cyanamid maintains monopool samples for each lot of Orimune-produced, including the lots which originated the doses ingested by Whitney. Relying on *Fed.R.Civ.P.* 34(a), plaintiffs requested an order from Magistrate Judge Hedges allowing them to test these lots for three strains of retrovirus, HIV–1, HIV–2, and SIV. In support of this request, plaintiffs argued that any of these viruses, or a combination thereof, could have caused Whitney to contract AIDS. Defendants opposed the request, arguing in part that the presence or absence of HIV–2 or SIV in the monopools is irrelevant to Whitney's case, as she is infected only with HIV–1.

■ Analyzing the request, Magistrate Judge Hedges relied on *Fed.R.Civ.P.* 26(b)(1), which allows discovery "regarding any matter . . . which is relevant to the subject matter involved in the pending action." The Magistrate observed that relevancy under Rule 26 is to be construed liberally, *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 391–92, 91 L.Ed. 451 (1947), and that it must also be determined and limited by the context of the facts and circumstances of each particular case. *Continental Access Control Sys., Inc. v. Racal–Vikonics, Inc.,* 101 F.R.D. 418, 419 (E.D.Pa.1983). Finally, he noted that the determination of relevance is within the Court's discretion. *O'Neal v. Riceland Foods,* 684 F.2d 577, 581 (8th Cir. 1982); *Bowman v. General Motors Corp.,* 64 F.R.D. 62, 69 (E.D.Pa.1974).

■ Proceeding under this standard, the Magistrate ruled that plaintiffs would be permitted to test the monopools for the presence of HIV–1. Plaintiffs do not appeal this part of his ruling. However, he denied the request to test for HIV–2 and SIV, as he determined that it was not relevant and was not reasonably calculated to lead to admissible evidence. He based this decision on the submissions of the parties relating to the relationship between HIV–1 infection and infection by HIV–2 or SIV. Plaintiffs argued that HIV–2 or SIV could have mutated into HIV–1, thus causing Whitney's HIV–1 infection. Plaintiffs provided no expert testimony to this effect. In support of their theory, they offered one scientific article hypothesizing that SIV may have been an evolutionary precursor of HIV. The Magistrate determined that plaintiffs had failed to make any showing in support of their theory that an ingested non–HIV–1 strain could have mutated into HIV–1.

Defendants, on the other hand, submitted the affidavit of Jonathan Allan, D.V.M., a virologist in the Department of Virology and Immunology at the Southwest Foundation

for Biomedical Research. Dr. Allan states that given what is known about the genetic variation between HIV–1 and SIV, it is inconceivable that SIV could mutate into HIV–1. Allan concluded that even if the SIV virus had been present in the vaccine, it could not have led to Whitney's infection. Magistrate Judge Hedges concluded that the requested testing for HIV–2 and SIV would be denied. *See Uitts v. General Motors Corp.,* 62 F.R.D. 560, 562 (E.D.Pa.1974).

A district court may reverse a Magistrate Judge's order on a non-dispositive motion only if it finds that the Magistrate Judge's ruling was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); *Fed.R.Civ. Proc.* 72(a); Local Rule 40(D)(4)(a). A discovery order is generally considered to be non-dispositive. However, plaintiffs here urge the Court to perform a *de novo* review of Magistrate Judge Hedges' discovery order, claiming that it was, in effect, dispositive of their action.

Plaintiffs refer the Court to Comment 4(d), Local Rule 40(d), pp. 222–223, stating that where a non-dispositive motion becomes, by virtue of decision, largely dispositive of an action, the aggrieved party should so argue on appeal to the district court. That comment relies on a slip opinion in *Merriam Gateway Assoc. v. Town of Newton,* Civ. No. 91–684 (D.N.J. March 1, 1994). Judge Sarokin there commented that *N.L.R.B. v. Frazier,* 966 F.2d 812 (3d Cir.1992), "could be read to advise district courts to select the standard of review based on the effect the magistrate's order has on the parties rather than on the general type of order being reviewed." Defendants strenuously argue against *de novo* review, insisting that the law allows this Court to reverse the Magistrate Judge's findings of fact only if they are clearly erroneous.

The situation before the Court is not the type of situation outlined by the *Frazier* court for heightened review. In *Frazier,* a party to an administrative proceeding filed a complaint with the district court seeking to compel compliance with a subpoena pursuant to Section 11 of the National Labor Relations Act, 29 U.S.C. § 161. 966 F.2d at 815. The court of appeals found that, whereas enforcement of a subpoena is typically a non-dispositive matter within the context of a larger civil action, in this case enforcement of the subpoena constituted the entire substance of the parties' case, and was therefore dispositive. *Id.* at 817–18. The Court stated:

> [I]n a proceeding to enforce a subpoena, the case before the district court is over regardless of which way the court rules. Once the court grants or quashes the agency subpoena, it determines with finality the duties of the parties ... The court's decision seals with finality the district court proceeding and is subject to appellate review.

*Id.*

Judge Hedges' order permits testing of American Cyanamid's monopools for presence of HIV–1. This is the virus with which Whitney Williams is infected. Plaintiffs contend that the Magistrate's order disposes of their claim because "[e]ven if expert discovery later reveals that SIV, in combination with one or more human viruses, *can* lead to AIDS, plaintiffs will be left at trial without proof of causation in this case." This Court disagrees with plaintiffs' assertion that the Magistrate's order deprives them of the necessary discovery to establish causation. The parties are permitted by the Magistrate's order to test the monopools for HIV–1. Discovery of HIV–1 in the monopools could afford plaintiffs evidence calculated to prove causation. Unlike the subpoena in *Frazier,* the discovery order at issue in the present case did not dispose of the entire case and did not seal the district court's proceeding in the matter. It is not the type of case designated for *de novo* review by the *Frazier* court.

However, turning to the substance of this appeal, it is of no import which standard of review the Court employs, because the magistrate's order passes muster whether the standard is deferential or not. This Court disagrees with plaintiffs' contention that the Magistrate erred by ruling that the presence of HIV–2 or SIV in the monopools is irrelevant to plaintiffs' case.

Defendants submitted substantial evidence that SIV and HIV–2 are not causes of AIDS in persons not infected with those viruses, and that SIV cannot mutate into HIV–1 within a person. Plaintiffs, on the other hand, submitted only one article, whose conclusion

does not support their theory. Where plaintiffs have failed to demonstrate the relevance of the discovery they request, it is well within the purview of the Court to deny that discovery under Rule 26(b)(1). *See Uitts*, 62 F.R.D. at 562 (where party requesting discovery fails to present documentation, expert testimony or affidavits contravening nonmoving party's showing of irrelevance, discovery is properly denied). The Magistrate did not err, and this Court will not disturb his ruling.

**Stay**

As the Court now disposes of this appeal, plaintiffs' request for a stay is moot.

Accordingly, **IT IS** on this 15th day of February, 1996 **ORDERED** that Magistrate–Judge Hedges' Orders dated June 20, 1995 and September 8, 1995 are affirmed; and

**IT IS FURTHER ORDERED** that plaintiffs' motion to stay pending appeal is denied as moot.