**Jeniene TEICHGRAEBER, Plaintiff,**

v.

**MEMORIAL UNION CORPORATION OF the EMPORIA STATE UNIVERSITY, Defendant.**

No. 95–4118–SAC.

United States District Court, D. Kansas.

July 9, 1996.

Harold S. Youngentob, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for plaintiff.

Kevin D. Case, Office of the Attorney General, Kansas Judicial Center, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the defendant's motion for review of the magistrate judge's order of May 9, 1996, (Dk. 48), which denied the defendant's third motion to

compel. This is an action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Kansas Age Discrimination in Employment Act, K.S.A. 44–1111, *et seq.* The plaintiff seeks to recover various damages, including lost back wages, as a result of having her employment terminated and not being placed in available vacant positions for which she was qualified.

## BACKGROUND

Following her employment with the defendant, the plaintiff went to work at McGillicutty's Restaurant and Pub, a business owned and operated by the plaintiff and her husband. In her deposition, the plaintiff testified that she does not receive any salary from the business but does receive a monthly draw of $1,000. The plaintiff also testified that before she was terminated McGillicutty's had three full-time employees, that McGillicutty's now has two full-time employees, and that the third employee had been a salaried employee. When asked what the third employee was paid, the plaintiff could not recall. Other than the monthly draws and free lunches, the plaintiff denied in her deposition that she receives any other compensation from this business.

Based on the plaintiff's deposition testimony, the defendant sought "[a]ll documents (including payroll records and W–2 forms) which reflect compensation paid to any person who performed labor at McGillicutty's Restaurant and Pub for the period 1992 to present." In denying the defendant's motion to compel production of these requested documents, the magistrate judge noted:

> The income of each employee, none of whom are plaintiffs, is irrelevant to any issue and discovery related thereto is not reasonably calculated to lead to the discovery of admissible evidence. Defendant has failed to meet its burden establishing the relevancy of the records to the issues in dispute. The income plaintiff has received from the restaurant has been disclosed.

(Dk. 48 at 3). The defendant appeals arguing that magistrate judge erred in imposing the burden of proving relevancy on the defendant and that the requested documents are relevant in determining what compensation the plaintiff received following her termination.

## STANDARD OF REVIEW

■ The district court employs a clearly erroneous or contrary to the law standard when reviewing a magistrate judge's ruling on nondispositive pretrial matters. 28 U.S.C. § 636(b)(1)(A); *Continental Bank, N.A. v. Caton,* 136 F.R.D. 691, 693 (D.Kan.1991); *see Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d 1458, 1462 (10th Cir.1988). The clearly erroneous standard requires the district court to affirm the magistrate judge's order unless it has the definite and firm conviction from all the evidence that a mistake was made. *Ocelot Oil,* 847 F.2d at 1464.

## DISCOVERY RELEVANCE

■ " 'Discovery relevance is minimal relevance,' " which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence. *Snowden By and Through Victor v. Connaught Lab.,* 137 F.R.D. 325, 329 (D.Kan. 1991) (quoting *Renshaw v. Ravert,* 82 F.R.D. 361, 363 (E.D.Pa.1979)), *appeal denied,* 1991 WL 60514 (D.Kan. Mar. 29, 1991); *see Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978) ("[R]elevant to the subject matter," as used in Rule 26(b), encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.,* 137 F.R.D. 25, 27 (D.Kan.1991). Stated yet another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden,* 137 F.R.D. at 341.

■ The party opposing the discovery has the burden of proving its lack of rele-

vance.[1] *Aramburu v. Boeing Co.,* 885 F.Supp. 1434, 1437 (D.Kan.1995); *Flora v. Hamilton,* 81 F.R.D. 576, 578 (M.D.N.C. 1978). More than a conclusory statement that the discovery is irrelevant must be offered, the opposing party must show specifically how the request is not reasonably calculated to lead to the discovery of admissible evidence. *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3rd Cir.1982). Courts should lean towards resolving doubt over relevance in favor of discovery. *Corrigan v. Methodist Hosp.,* 158 F.R.D. 54, 57 (E.D.Pa.1994).

## MITIGATION OF DAMAGES

■ In an ADEA case, "[s]elf-employment can constitute employment for purposes of mitigating damages, as long as the self-employment was a reasonable alternative to finding other comparable employment." *Smith v. Great American Restaurants, Inc.,* 969 F.2d 430, 438 (7th Cir.1992); *Carden v. Westinghouse Elec. Corp.,* 850 F.2d 996, 1005 (3rd Cir.1988); *Wilson v. OHSE Foods,* No. 90–4172–C, slip op. at 3, 1992 WL 121747 (D.Kan. Mar 11, 1992). To prevent double recovery, interim earnings from self-employment must be deducted from the back pay otherwise allowable. *See Denton v. Boilermakers Local 29,* 673 F.Supp. 37, 47 (D.Mass.1987). When, as here, the plaintiff asserts self-employment as proper mitigation, a number of factual questions arise:

> For example: has the plaintiff drawn a salary which reduced, if not eliminated the year-end profit? Have personal expenses, normally paid by a wage earner from a salary, been absorbed by the business, e.g., personal car expenses, insurance, vacations and other personal expenses? Have dividends been paid? Have profits been earned? Have particular expenses been appropriately offset against revenues? Have profits been reinvested in capital assets and have reserves been established? If so, how should they be treated in a mitigation context. Has the plaintiff benefited by an increase in value of the business?

*Carden,* 850 F.2d at 1005–1006. The context for resolving these factual issues includes the well-established rules that a plaintiff should not receive double benefits and that the defendant has the burden of proving this deduction from a back pay award. *Id.*

## DISCUSSION

■ The plaintiff's claim for back pay makes relevant all matters involved in the calculation of her interim earnings. After her termination, she went to work for the business that she and her husband own; thus, she became self-employed. To carry at trial its burden of proving deductions from any back pay award, the defendant must obtain in discovery the records and information documenting the additional income and earnings that the plaintiff received from McGillicutty's after going to work there. The defendant insists that the plaintiff not only received earnings—a monthly draw—from McGillicutty's but that the business itself may have profited after releasing an employee and giving those responsibilities to the plaintiff. Presumably, if McGillicutty's was able to have the plaintiff perform the same duties for less pay, then McGillicutty's and its owners should have benefitted financially from this arrangement. One measure of this possible benefit is the difference in the salary paid the former employee and the draw given the plaintiff. The court is not saying that this differential would necessarily

---

1. Research discloses at least two other approaches on the burden of proving relevance in discovery disputes. One is a burden-shifting approach in which the party opposing discovery must object, the party seeking discovery then demonstrates relevance, and the burden shifts back to the party opposing discovery to demonstrate why discovery should be disallowed. *Republic Environmental Systems, Inc. v. Reichhold Chemicals, Inc.,* 157 F.R.D. 351, 352 (E.D.Pa. 1994). The other approach is that when the discovery appears relevant the burden falls on the party opposing discovery to prove the lack of relevance but when "relevancy is not apparent" the burden rests with the party seeking discovery to prove relevancy. *Evello Investments N.V. v. Printed Media Services, Inc.,* No. 94–2254–EEO, 1995 WL 135613, at *5 (D.Kan.1995) (Mag. J. Rushfelt) (citing *Universal Money Ctrs., Inc. v. American Tel. & Tel. Co.,* No. 90–2201–O, unpub. op. at 3, 1991 WL 205680 (D.Kan. July 15, 1991)). Because the result in this case would be the same regardless of the approach taken, the court will leave for another day the decision over which approach is appropriate.

be the most accurate financial measure of the additional income that the plaintiff received upon going to work for McGillicutty's, but it is a relevant consideration for which the defendant may request appropriate documentation.

Finding relevance in the documents requested, the court concludes that the defendant's motion to compel should be granted and that the defendant shall produce the requested documents within twenty days of the filing date of this order.

IT IS THEREFORE ORDERED that the defendant's motion to review (Dk. 49) is granted, that the magistrate judge's memorandum and order of May 9, 1996, (Dk. 48) is set aside, and that the plaintiff shall produce the requested documents within twenty days of the filing date of this order.