**Todd VITALE, Plaintiff,**

**v.**

**Frank E. McATEE, Celadon Group, Inc., Celadon Trucking Services, Inc., Celadon Trucking Services, and H.A. Holden, Inc., Defendants.**

**Civil Action No. 96–2396.**

United States District Court,
E.D. Pennsylvania.

Feb. 4, 1997.

---

Manchel, Lundy & Lessin, Philadelphia, PA, for Donald F. Manchel.

Palmer Biezup & Henderson, Philadelphia, PA, for Timothy J. Abeel, Lawrence D. Jackson.

## MEMORANDUM

JOYNER, District Judge.

Before the Court is the Motion of Palmer Biezup & Henderson ("Palmer Biezup" or the "Firm") for Relief from our Order dated January 6, 1997 granting as uncontested Plaintiff's Motion to Overrule the Objections of the Bookkeeper and Custodian of Records of Palmer Biezup and of Palmer Biezup's Rule 30(b)(6) Representative and to Direct these Individuals to Appear for Depositions and Produce the Requested Documents (the "Motion to Overrule"). For the following reasons, Palmer Biezup's Motion is granted and, upon reconsideration, Plaintiff's Motion is granted in part and denied in part.

## BACKGROUND

Plaintiff filed this personal injury action for injuries he sustained in an automobile accident which occurred on July 27, 1993, when the vehicle he was driving collided with a tractor-trailer operated by Defendant Frank McAtee and owned by Defendant Celadon Trucking Services, Inc. (collectively "Defendants"). Defendants have retained a neurosurgeon, Dr. Richard Katz ("Dr. Katz"), to examine Plaintiff concerning his allegations of brain damage. Defendants expect to call Dr. Katz to testify as an expert witness at trial. Palmer Biezup, the movant here, is Defendants' law firm.

The instant dispute concerns Plaintiff's allegation that there is a "continuing employment relationship" between Dr. Katz and Palmer Biezup. On November 4, 1996, in an effort to substantiate this allegation, Plaintiff served a subpoena *duces tecum* on the Bookkeeper and Custodian of Records for Palmer Biezup as follows:

> YOU ARE COMMANDED TO PRODUCE .... [a]ll documents which contain any of the information requested in Exhibit "A" ..., and notes of testimony of any deposition or trial testimony of [Dr. Katz] in those cases.
>
> Exhibit "A": The matters on which examination is requested is/are for information as to all cases where [Dr. Katz] examined a plaintiff or plaintiffs on behalf of a defendant or defendants or an additional defen-

dant or additional defendants represented by [Palmer Biezup] during the years 1994, 1995 and 1996. The information requested includes: (a) the name(s) of the parties; (b) the court term and number of the case; (c) the date of any deposition or testimony of [Dr. Katz]; and (d) the date and amount of any payments to [Dr. Katz] for such examination and/or testimony or report. Plaintiff requested the identical information in a subpoena *duces tecum* served upon the Firm itself pursuant to Fed.R.Civ.P. 30(b)(6). Defendants objected to the subpoenas and, after the parties made reasonable efforts to resolve the dispute, Plaintiff filed his Motion to Overrule. Defendants filed no response to Plaintiff's motion with the Court, and the motion was granted as uncontested by Order dated January 6, 1997 pursuant to Local Rule 7.1(c).

On January 10, 1997, Palmer Biezup filed the instant Motion for Relief from our January 6 Order. The Firm explained that a response to Plaintiff's motion was served on Plaintiff but, due to a clerical error, no response was ever filed with the Court. Palmer Biezup therefore moves this Court to vacate our January 6, 1997 Order, consider the response previously served on Plaintiff, and, upon reconsideration, deny Plaintiff's Motion to Overrule.

## DISCUSSION

■ Under the Federal Rules of Civil Procedure and in this Circuit, district courts have broad discretion to manage discovery. *Sempier v. Johnson,* 45 F.3d 724, 734 (3d Cir.)(citing examples), *cert. denied,* — U.S. ——, 115 S.Ct. 2611, 132 L.Ed.2d 854 (1995). Accordingly, we exercise our discretion to vacate our January 6, 1997 Order and consider the response that Defendants served on Plaintiff but neglected to file with the Court. It would be unjust under the circumstances to subject Defendants to extensive and time-consuming document production solely because of their administrative error. We turn then to the merits of Plaintiff's Motion to Overrule, which we examine in light of the following standards.

Pursuant to Rule 26(b)(1), a party is entitled to discovery of "any matter, not privi-leged, which is relevant to the subject matter in the pending action." Fed.R.Civ.P. 26(b)(1). As we have noted previously, "[r]elevance is broadly construed and determined in relation to the facts and circumstances of each case." *Hall v. Harleysville Ins. Co.,* 164 F.R.D. 406, 407 (E.D.Pa.1996). Once the party opposing discovery raises its objection, the party seeking discovery must demonstrate the relevancy of the requested information. *Momah v. Albert Einstein Medical Center,* 164 F.R.D. 412, 417 (E.D.Pa. 1996); *Republic Environmental Sys. v. Reichhold Chemicals,* 157 F.R.D. 351, 352 (E.D.Pa.1994). The burden then shifts back to the objecting party, once this showing is made, to show why the discovery should not be permitted. *Momah,* 164 F.R.D. at 417; *Republic,* 157 F.R.D. at 353.

■ As noted *supra,* Plaintiff has served the subpoenas at issue here to substantiate his contention, made "[u]pon information and belief," that "there is a continuing relationship between [Dr. Katz and Palmer Biezup]." (Pl.'s Mem. in Supp. of Mot. to Overrule at 2.) Defendants and the Firm deny this allegation and the Firm objects to the subpoenas pursuant to Rule 45(c) on the grounds that the subpoenas (1) seek the production of documents beyond the scope of permissible discovery, (2) are overly burdensome and (3) seek work-product privileged information. Because of our determinations regarding Defendants' first two objections, we do not reach the third.

We find that Plaintiff's subpoenas seek information relevant to this lawsuit within the meaning of Rule 26. Facts tending to establish that Dr. Katz has an employment relationship with Defendants' law firm would clearly be probative of his credibility. *See Collins v. Wayne Corporation,* 621 F.2d 777, 784 (5th Cir.1980); *Paulsen v. Case Corp.,* 168 F.R.D. 285, 287 (C.D.Cal.1996)("Rule 26 further permits the discovery of information which 'may simply relate to the *credibility* of a witness or other evidence in the case.'")(emphasis in original) (citation omitted). We disagree with Palmer Biezup that Plaintiff seeks information beyond the scope of Rule 26 simply because Rule 26(a)(2)(B), governing required disclosures for experts,

mandates only that Defendants submit, *inter alia*, "a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." This provision of Rule 26 sets the floor for expert discovery, not the ceiling.

Palmer Biezup claims also, however, that Plaintiff's subpoenas impose an undue burden on its Bookkeeper and Custodian of Records and its Rule 30(b)(6) representative. A district court is authorized to quash or modify a subpoena if it "subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iv). The party moving to quash or modify has the burden of proof on this issue, *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C.Cir.1984), and we have broad discretion in deciding it. *Linder v. National Security Agency*, 94 F.3d 693, 695 (D.C.Cir. 1996).

Palmer Biezup argues that the subpoenas are unduly burdensome for the following reasons. First, the Firm contends that it does not maintain a record of the experts involved in its cases. Identifying the cases since 1994 in which Dr. Katz examined a party on behalf of one of Palmer Biezup's clients would therefore require the costly and time-consuming review of each individual case file dating back to 1994. Further, many of these files are apparently closed, destroyed, or located in an off-site warehouse. Second, disclosing the date and amount of all payments to Dr. Katz would pose a significant hardship given the Firm's general practice of submitting the bills of experts directly to its clients for payments. Only "on occasion" does the Firm issue drafts to experts.

 We find that Palmer Biezup has satisfied its burden of proof with respect to these objections. Plaintiff's subpoenas would clearly place on the Firm and certain of its employees a substantial burden that, in this case, is undue. It is generally preferable, however, to modify a subpoena rather than quash it in its entirety. *Linder*, 94 F.3d at 698. We therefore overrule the Firm's objections with respect to any payments made directly to Dr. Katz by the Firm since 1994. Such payment information should be readily available and would be especially probative of any employment relationship existing between Dr. Katz and Palmer Biezup.

An appropriate Order follows.

## *ORDER*

AND NOW, this 4th day of February, 1997, upon consideration of Palmer Biezup & Henderson's Motion for Relief from the Court's Order dated January 6, 1997 (Document No. 26), and Plaintiff's response thereto, it is hereby ORDERED that:

(1) Palmer Biezup & Henderson's Motion is GRANTED;

(2) the Court's Order dated January 6, 1997 is VACATED; and

(3) upon consideration of Plaintiff's Motion to Overrule the Objections of the Bookkeeper and Custodian of Records of Palmer Biezup and of Palmer Biezup's Rule 30(b)(6) Representative and to Direct these Individuals to Appear for Depositions and Produce the Requested Documents (Document No. 25), and Defendants' response thereto, it is hereby ORDERED that Plaintiff's Motion is DENIED in PART and GRANTED in PART as follows:

(a) A designee of Palmer Biezup & Henderson is ORDERED to produce for inspection all documents reflecting payments made directly to Dr. Richard Katz by Palmer Biezup & Henderson since 1994 and to appear for a deposition concerning these records only; and

(b) Plaintiff's Motion is DENIED in all other respects.